SECOND DIVISION

No. 1-10-2214

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| | ) | |
| v. | ) | No. 08 CH 13595 |
| | ) | |
| | ) | |
| FAURE BROTHERS CORPORATION, | ) | Honorable |
| | ) | Sophia H. Hall, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Karnezis and Connors concurred in the judgment and opinion.

**OPINION**

Here we are called upon to determine whether a duty to defend arises under a general

liability insurance policy.  Plaintiff, United National Insurance Company (United National), issued

a commercial general liability insurance policy to defendant, Faure Brothers Corporation (Faure

Brothers).  One of Faure Brothers divisions, Gateway Warehouse Company, Inc. (Gateway), is in

the business of warehousing chemical products, relabeling them and having them shipped as per

the direction of it's customers.  Gateway was sued by Air Products and Chemicals, Inc. (Air

Products), alleging negligence resulting in the mislabeling of its products.  Faure Brothers

demanded that United National defend the negligence lawsuit, which was refused, and Faure

Brothers undertook its own defense.  United National filed a complaint for declaratory judgment,

seeking a declaration that it had no duty to defend Faure Brothers, or to indemnify it, in the

underlying action. Faure Brothers answered and filed a counterclaim for declaratory judgment, seeking a declaration that United National had a duty to defend and a duty to indemnify Faure Brothers in the underlying action. The parties each filed motions for summary judgment. The circuit court granted summary judgment in United National's favor holding it had no duty to defend. The circuit court reasoned that the complaint filed by Air Products in the underlying action did not allege an "occurrence" as defined by the policy. After construing the allegations of the underlying complaint liberally in favor of the insured, Faure Brothers, we hold that the allegations fall within, or potentially fall within, the policy's coverage. United National has a duty to defend Faure Brothers in the underlying action. We reverse the circuit court's summary judgment order.

## JURISDICTION

On June 9, 2010, the circuit court granted United National's motion for summary judgment and denied Faure Brothers' motion for summary judgment and set the matter for status on June 30, 2010. On June 30, 2010, the circuit court ordered that the June 9, 2010, entry of summary judgment in United National's favor is final and appealable, stating "[t]here is no just cause to delay the enforcement or appeal of the order of June 9, 2010." Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010).

## BACKGROUND

United National issued its commercial general liability insurance policy No. L7169715-B to Faure Brothers with an effective date of February 1, 2006 through February 1, 2007. Section I of the policy outlines the insurance coverage and exclusions United National agreed to provide

No. 1-10-2214

Faure Brothers.  Section I also includes what was excluded from United National's coverage.

Section I of the policy, states in relevant part:

> "**1. Insuring Agreement.**
>
> a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages.  However, we will have no duty to defend the insured against any 'suit' *** to which this insurance does not apply. ***.  But:
>
> * * *
>
> b.  This insurance applies only to 'bodily injury' and 'property damage' only if:
>
> (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory'; and
>
> (2) The 'bodily injury' or 'property damage' occurs during the policy period.
>
> ***
>
> **2. Exclusions**.
>
> This insurance does not apply to:

\* \* \*

(n) **Recall of Products, Work, or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1) 'your product';

(2) 'your work'; or

(3) 'impaired property';

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

Section V of the policy provides definitions for the terms "occurrence", "property damage", and "your work." The policy does not define the term "accident." Section V, states, in relevant part:

"12. 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

15.  'Property damage' means:

a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it.

* * *

19.  'Your work' means:

a. Work or operations performed by you or on your behalf; and

b.  Materials, parts or equipment furnished in connection with such work or operations.

 'Your work' includes:

a.  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'; and

b.  The providing of or failure to provide warnings or instructions."

In March of 2008, Air Products filed the underlying lawsuit in this case, Air Products &

Chemicals, Inc. v. Gateway Warehouse Co., Inc. No. 08 L 02503 (Cir. Ct. Cook Co.). Air Products, a customer of Gateway, which is a division of Faure Brothers, alleged one count of negligence and one count of negligence-*res ipsa loquitur* against Gateway. In its complaint, Air Products alleged they stored various chemical products in Gateway's warehouse facility and that Gateway was to relabel certain of the chemicals for Air Products. Air Products alleged Gateway affixed the proper label on the wrong or improper chemicals. In October of 2006, Gateway shipped the mislabeled chemicals to one of Air Product's customers, the Henkel Corporation. Henkel used the mislabeled chemical in producing one if its adhesive products. Henkel then sold adhesive products that were made with the mislabeled chemical to Becton, Dickinson and Company Medical Systems (BD) and Smiths Medical ASD, Inc. (Smiths). The adhesive product bought by BD and Smiths "did not perform or otherwise work as the products were intended due to the inclusion of the mislabeled chemical product." BD and Smiths notified Henkel of the damages they sustained, which in turn made a claim against Air Products for damages sustained by all three companies. Air Products satisfied and paid the claims brought by Henkel and BD "in an amount in excess of $380,000.00." The complaint alleged that Air Products "expects to satisfy and pay Smith's claim in excess of $14,000.00."

In count I of its complaint, Air Products alleged Gateway owed Air Products a duty "to use due care and caution while storing, labeling, shipping into the stream of commerce and otherwise handling the subject chemicals and other chemical product in its warehouse." Air Products alleged that the damages they paid to Henkel, BD, and Smiths were directly and proximately caused by Gateway's negligence. Specifically, Air Products alleged that Gateway

6

No. 1-10-2214

was negligent in the following ways:

"a. carelessly and negligently mislabeling chemical product;

b. failing to adhere to the instructions provided by [Air Products] for properly labeling the subject chemicals;

c. failing to take the proper protections, safeguards and other measures to ensure that the subject chemicals were labeled properly;

d. failing to properly direct, supervise, train or manage its employees, agents and/or contractors with respect to properly labeling the subject chemicals;

e. failing to properly direct, supervise, train or manage its employees, agents and/or contractors with respect to taking the proper precautions, safeguards and other measures to ensure that the subject chemicals were labeled properly;

f. shipping into the stream of commerce mislabeled, hazardous chemical product;

g. failing to comply with governing codes, regulations, ordinances and/or standards ***;

h. failing to comply with governing codes, regulations, ordinances and/or standards,***; and/or

i. otherwise failing to use due care under the

7

circumstances."

Count II incorporated count I, and added that "[u]nder the doctrine of *res ipsa loquitur,* *** Gateway was negligent while storing, labeling, shipping into the stream of commerce and otherwise handling the subject chemicals and other chemical product in its warehouse."

Faure Brothers tendered defense of Air Products' complaint to United National. United National denied Faure Brothers' request to defend it. Faure Brothers undertook its own defense and paid Air Products $210,000 under the terms of a settlement agreement between the parties.

In March of 2009, United National filed its first amended complaint for declaratory judgment, seeking a declaration that it had no duty to defend Faure Brothers, or to indemnify it, in the underlying action. In April of 2009, Faure Brothers answered and filed a counterclaim for declaratory judgment, seeking a declaration that United National had a duty to defend and indemnify it in the underlying action. The parties each filed motions for summary judgment. The circuit court granted summary judgment in United National's favor as to the duty to defend the claim. The circuit court reasoned that the complaint filed by Air Products in the underlying action did not allege an "occurrence" as defined by the policy issued to Faure Brothers.

ANALYSIS

Before this court, Faure Brothers argues the circuit court erred in granting summary judgment in United National's favor as to the duty to defend the claim because the underlying action was for negligence. Faure Brothers argues that its negligence, the mislabeling of the chemicals, was an "accident" and, consequently, an "occurrence" under the policy issued to it by United National. Faure Brothers argues, based on the insurance policy, that United National had

8

a duty to defend it in its lawsuit with Air Products. United National argues that it did not have a duty to defend the underlying lawsuit and, thus, summary judgment was proper because the mislabeling of the chemical was not an "occurrence" under the policy and Air Product's claim against Faure Brothers was not a claim for "property damage" under the policy. In the alternative, United National argues Air Product's claim in the underlying action is excluded from coverage.

Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). In ruling on a motion for summary judgment, the circuit court is to determine whether a genuine issue of material fact exists, not try a question of fact. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). When determining whether a genuine issue of material fact exists, the pleadings are to be liberally construed in favor of the nonmoving party. *Id.* We recognize that "[a]lthough summary judgment can aid in the expeditious disposition of a lawsuit, it remains a drastic means of disposing of litigation and, therefore, should be allowed only where the right of the moving party is clear and free from doubt." *Id.* We review summary judgment rulings *de novo*. *Id.*

The Illinois Supreme Court, in *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, explained an insurer's duty to defend:

"An insurer's duty to defend its insured is much broader than its duty to indemnify. [Citations.] In order to determine

9

whether the insurer's duty to defend has arisen, the court must compare the allegations of the underlying complaint to the policy language. [Citations.] The allegations in the underlying complaint must be liberally construed in favor of the insured. [Citation.] If the court determines that these allegations fall within, or *potentially within,* the policy's coverage, the insurer has a duty to defend the insured against the underlying complaint. [Citation.]" (Emphasis in original.) *Outboard Marine Corp. v. Liberty Mutual Insurance Co.,* 154 Ill. 2d 90, 125 (1992).

The "duty to defend arises even if only one of several theories is within the potential coverage of the policy." *General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Co.,* 215 Ill. 2d 146, 155 (2005). Even if the underlying complaint contains allegations that are false or fraudulent, the insurer will still have a duty to defend its insured if the underlying complaint alleges facts that potentially fall within the policy's coverage. *Id.* In order for a insurer to deny defending an action, it must be "clear from the face of the underlying complaint that the allegations set forth in that complaint fail to state facts that bring the case within or potentially within the insured's policy coverage." *Id.* at 154.

It is the burden of the insurer to affirmatively prove that an exclusion in an insurance policy applies. *Pekin Insurance Co. v. Miller,* 367 Ill. App. 3d 263, 267 (2006). Provisions in insurance policies that exclude or limit coverage must be construed liberally against the insurer. *Id.* The same liberal standard applied to determinations of whether an insurer has a duty to

defend is applied to determinations of whether an exclusion applies. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*,144 Ill. 2d 64, 78 (1991).

We will first address whether the underlying complaint alleged an "accident" and, thus, an "occurrence" under the policy. The policy covers only "property damage" caused by an "occurrence." The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy does not define the term "accident." The Illinois Supreme Court has, however, defined the term "accident" in insurance cases. *Rich v. Principal Life Insurance Co.*, 226 Ill. 2d 359, 378-79 (2007). In Illinois:

> " ' [I]f an act is performed with the intention of accomplishing a
> certain result, and if, in the attempt to accomplish that result,
> another result, unintended and unexpected, and not the rational and
> probable consequence of the intended act, in fact, occurs, such
> unintended result is deemed to be caused by accidental means.' "
> *Rich*, 226 Ill. 2d at 378 quoting *Yates v. Bankers Life & Casualty
> Co.*, 415 Ill. 16, 19 (1953)).

*Christ v. Pacific Mutual Life Insurance Co.*, 312 Ill. 525 (1924); *United States Mutual Accident Ass'n v. Barry*,131 U.S. 100 (1889).

Determination of whether an occurrence is an accident is focused on "whether the *injury* is expected or intended by the insured, not whether the *acts* were performed intentionally. (Emphasis in original.) *Lyons v. State Farm Fire & Casualty Co.*, 349 Ill. App. 3d 404, 409 (2004).

Our review of the complaint in the underlying action shows that the allegations focused solely on negligent acts of Faure Brothers and did not make any allegations that Faure Brothers expected or intended the resulting mislabeled chemicals. From the point of view of Faure Brothers, it was contracted to label the chemicals before putting them into the stream of commerce. However, unexpectedly, it mislabeled the chemicals. Therefore, the result was not expected and, thus, an accident. The underlying complaint made an allegation of an "accident," and, therefore, an "occurrence," under the policy.

United National also argues that Air Products' complaint does not make a claim for "property damage" under the policy. The policy defines "property damage" as "physical injury to tangible property, including all resulting loss of use of that property *** or *** [l]oss of use of tangible property that is not physically injured." The Illinois Supreme Court defines " 'physical injury' " as "damage to tangible property causing an alteration in appearance, shape, color or in other material dimension." *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill. 2d 278, 312 (2001). It "does not include intangible damage to property, such as economic loss." *Id.* Further, "the diminution in value of a whole, resulting from the failure of a component to perform as promised, does not constitute a physical injury." (Emphasis omitted.) *Id.*

The underlying complaint contains allegations Gateway shipped the mislabeled chemical product to one of Air Products' customers, Henkel Corporation. Henkel used the mislabeled chemical "by incorporating it into the formulation of one of Henkel's adhesive products." The adhesive products were then sold to BD and Smiths. In its complaint, Air Products alleges "as such, BD's product and Smith's product *** did not perform or otherwise work as the products

12

were intended due to the inclusion of the mislabeled chemical product in the formulation of the adhesive product produced by Henkel." Air Products further alleged that "BD and Smiths notified Henkel of the damage sustained in assembly of their products." Construing the allegations in the complaint liberally in favor of Faure Brothers, we find the allegations potentially fall within the policy's coverage. The allegations do not concern an intangible loss, the diminution of value, or the failure to perform as promised; rather, they concern damages based on the wrong chemical being used in formulating the adhesive product. The harm did not occur because the chemicals did not perform as promised but, rather, because Henkel was negligently given the wrong chemical. Furthermore, the second definition of property damage contained in the policy does not require physical injury, but rather the "[l]oss of use of tangible property that is not physically injured." Under this definition, it is clear that the allegations in the complaint allege damages based on Faure Brothers' improper labeling of the chemicals. Henkel, BD, and Smiths all had damages based on the loss of use of the defective adhesive products.

Liberally construing the allegations of the complaint in favor of Faure Brothers, we find the allegations either fall within, or potentially within, the coverage of United National's policy with Faure Brothers. Therefore, United National had a duty to defend Faure Brothers in the underlying action. *Outboard Marine Corp.*, 154 Ill. 2d at 125 ("The allegations in the underlying complaint must be liberally construed in favor of the insured. [Citation.] If the court determines that these allegations fall within, or *potentially within,* the policy's coverage, the insurer has a duty to defend the insured against the underlying complaint." (Emphasis in original.)).

In the alternative, United National argues that exclusion "n" of the policy precludes

coverage, where the exclusion provides,

> "Damages claimed for any loss, cost or expense incurred by
>
> you or others for the loss of use, withdrawal, recall, inspection,
>
> repair, replacement, adjustment, removal or disposal of:
>
> ***
>
> (2) 'Your Work[.]'
>
> ***
>
> if such product, work, or property is withdrawn or recalled from
>
> the market or from use by any person or organization because of a
>
> known or suspected defect, deficiency, inadequacy or dangerous
>
> condition in it."

In *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64 (1991), the Illinois Supreme Court addressed a similar exclusion clause, which read:

> " 'Damages claimed for the withdrawal, inspection, repair,
>
> replacement or loss of the use of the named insured's products or
>
> work completed by or for the *** insured or of any property of
>
> which such products or work form a part, if such products, work or
>
> property are withdrawn from the market or from use because of any
>
> known or suspected defect or deficiency therein.' " *Wilkin*
>
> *Insulation Co.*,144 Ill. 2d at 80.

The supreme court described the exclusion clause in *Wilkin* as a " 'sistership' exclusion" that

"excludes coverage 'in cases where, because of the actual failure of the insured's product, similar products are withdrawn from use to prevent the failure of these other products, which have not yet failed but are suspected of containing the same defect.' " *Id.* at 81 (quoting *Honeycomb Systems, Inc. v. Admiral Insurance Co.*, 567 F. Supp. 1400, 1406 (D.C. Cir. 1983)). The supreme court held the " 'sistership' " exclusion "does not apply, however, to the product that has already failed while in use and caused damage to the property of a third party." *Id.* (citing *Honeycomb Systems, Inc.*, 567 F. Supp. at 1407). The supreme court held that the exclusion clause did not preclude coverage because the product in *Wilkin* had already failed, resulting in damage. *Id.*

As in *Wilkin,* the product in this case, the mislabeled chemicals, already failed and caused damage to a third party, Air Products. This is shown in Air Products' complaint, which alleges that it has already satisfied and paid claims based on the damages of Henkel and BD and that it was expecting to satisfy Smith's claim. It did not seek to withdraw products to prevent future failure of products. In construing the exclusion provision in this case liberally in Faure Brothers' favor and against United National, we find that exclusion (n) does not preclude coverage. *Pekin Insurance Co.*, 367 Ill. App. 3d at 267 (provisions in insurance policies that exclude or limit coverage must be construed liberally against the insurer).

### CONCLUSION

Following our review of the record, and in construing the underlying complaint liberally in favor of the insured, Faure Brothers, we conclude that the allegations in the underlying complaint fall within, or potentially within, the coverage of the policy. Therefore, we find that United National did have a duty to defend Faure Brothers in the underlying action. The circuit court erred

when it entered summary judgment as to the duty to defend in United National's favor. On remand, the circuit court should enter judgment in favor of Faure Brothers as to the issue of whether United National had the duty to defend Faure Brothers in the underlying action.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded.

Reversed and remanded.

No. 1-10-2214

---

## REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

---

UNITED NATIONAL INSURANCE COMPANY,

     Plaintiff-Appellee,

     v.

FAURE BROTHERS CORPORATION,

     Defendant-Appellant.

---

No. 1-10-2214

Appellate Court of Illinois
First District, Second Division

May 17, 2011

---

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Karnezis and Connors concurred in the judgment and opinion.

---

Appeal from the Circuit Court of Cook County.

The Honorable Sophia H. Hall, Judge Presiding.

---

Horvath & Weaver, P.C., 10 South LaSalle Street, Suite 1400, Chicago, IL 60603, (John F. Horvath, Rosemarie J. Guadnolo and Renata M. Koleda, of counsel), for APPELLANT.

Cray Huber Horstman Heil & VanAusdal LLC, 303 West Madison, Suite 2200, Chicago, IL 60606, (James K. Horstman and Melissa H. Dakich), for APPELLEE.

---