# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Bruns v. City of Centralia, Illinois*, 2013 IL App (5th) 130094

---

| | |
|---|---|
| Appellate Court Caption | VIRGINIA BRUNS, Plaintiff-Appellant, v. THE CITY OF CENTRALIA, ILLINOIS, a Municipal Corporation, Defendant-Appellee. |
| District & No. | Fifth District<br>Docket No. 5-13-0094 |
| Filed<br>Rehearing denied | September 23, 2013<br>October 23, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The entry of summary judgment for defendant city was reversed in an action for the injuries plaintiff suffered when she tripped and fell on a raised section of a public sidewalk while going to an eye clinic, since the record showed that the roots of a nearby tree caused the sidewalk to crack and heave, another person had tripped at the same location, the clinic had reported the condition to the city and offered to remove the tree, the city's tree committee refused the clinic's offer due to the historic significance of the tree, and even though the danger was open and obvious, it was reasonably foreseeable that a patron of the clinic might be distracted while walking to the clinic, and under the circumstances, the question of whether the city breached its duty of reasonable care should have been left for the jury. |
| Decision Under Review | Appeal from the Circuit Court of Marion County, No. 12-L-21; the Hon. Michael D. McHaney, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Daniel R. Price, of Wham & Wham, of Centralia, for appellant.

Brian M. Funk, of O'Halloran, Kosoff, Geitner & Cook, LLC, of Northbrook, for appellee.

Panel

JUSTICE CATES delivered the judgment of the court, with opinion.

Justices Welch and Stewart concurred in the judgment and opinion.

## OPINION

¶ 1 Plaintiff, Virginia Bruns, sought damages from defendant, the City of Centralia (City), for personal injuries sustained after tripping over a raised section of a public sidewalk. The circuit court of Marion County granted the City's motion for summary judgment after determining that the City owed no duty to plaintiff. Plaintiff appeals the grant of summary judgment in favor of the City. We reverse and remand.

¶ 2 On March 27, 2012, plaintiff intended to enter the Centralia Eye Clinic (Clinic) (now doing business as Eyecare Management, LLC) for a scheduled appointment. On that date, the weather was clear, and nobody else was walking on the sidewalk in front of the Clinic. As plaintiff approached the Clinic, she tripped over a raised section of sidewalk that was part of the path used to access the front entrance to the Clinic. A large tree stands adjacent to the sidewalk, and over time, its root system caused a concrete section of the sidewalk to crack and heave, creating an uneven pathway. At the time of plaintiff's fall, the cracked sidewalk was raised some three inches above the adjacent concrete slabs and grass. The Clinic had previously contacted the City to report the defective condition, and at one point, even offered to have the tree removed at the Clinic's expense. In fact, at least a year prior to plaintiff's fall, the Clinic had reported that another person had tripped as a result of the raised sidewalk. Despite knowledge of the dangerous condition of the sidewalk, the City's tree committee considered the tree to have historic significance and refused removal.

¶ 3 At the time of her fall, plaintiff was 80 years old and had been a patient of the Clinic since December of 2011. She was being treated for various eye problems, including irritation, pain in her eyes, and blurry and reduced vision. During past visits, plaintiff parked on the street and routinely walked along the same sidewalk on her way to the entrance of the Clinic. Each time, she had noticed the sidewalk defect and considered it to be "an accident waiting to happen." At the time of her fall, plaintiff was not looking down at the sidewalk. Instead, she was looking toward the Clinic door and steps where she was intending to enter. Because her attention was fixed on the Clinic's entrance, she did not notice the crack in the sidewalk. She stubbed her right foot on the crack and fell. In trying to catch herself, she severely injured her shoulder and arm.

¶ 4    The public works foreman for the City testified that the sidewalk was a danger to pedestrians and was hazardous at the time of plaintiff's fall. He also recognized that not all pedestrians look down all of the time as they are walking. He also acknowledged the duty of a city, in general, to use reasonable care to keep its sidewalks in good repair, and further acknowledged that if the City were aware of the condition of this particular sidewalk, it was unacceptable for the City not to have remedied the defect.

¶ 5    The court determined that the sidewalk defect at issue here was open and obvious as a matter of law and that the distraction exception was inapplicable under the circumstances presented. Specifically, the court stated that "the mere existence of an entrance, and/or steps leading up to it, would provide a universal distraction exception to the open and obvious doctrine. Such an expansion of Illinois negligence law must only come from the legislature or a higher court." Accordingly, the court entered summary judgment in favor the City.

¶ 6    Summary judgment is appropriate when the pleadings, affidavits, depositions, and admissions on file, viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2012); see also *Sollami v. Eaton*, 201 Ill. 2d 1, 6, 772 N.E.2d 215, 218 (2002). Summary judgment is a drastic means of disposing of litigation and should be allowed only when the right of the moving party is clear and free from doubt. *Harris v. Old Kent Bank*, 315 Ill. App. 3d 894, 899, 735 N.E.2d 758, 762 (2000). The purpose of summary judgment is not to try a question of fact, but, rather, to determine if one exists. *Kleiber v. Freeport Farm & Fleet, Inc.*, 406 Ill. App. 3d 249, 255, 942 N.E.2d 640, 646 (2010). In determining whether genuine issues of material fact exist, we view the factual record in the light most favorable to the nonmoving party. *United National Insurance Co. v. Faure Brothers Corp.*, 409 Ill. App. 3d 711, 716, 949 N.E.2d 1185, 1190 (2011). Moreover, summary judgment should not be granted if it is possible to draw more than one reasonable inference from undisputed facts. *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195, 199, 732 N.E.2d 596, 599 (2000). Summary judgment should not be granted unless the moving party's right to a judgment is "clear and free from doubt." (Internal quotation marks omitted.) *Buchaklian*, 314 Ill. App. 3d at 199, 732 N.E.2d at 598-99. Our review of a trial court's grant of summary judgment is *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992); *Morietta v. Reese Construction Co.*, 347 Ill. App. 3d 1077, 1080, 808 N.E.2d 1046, 1049 (2004).

¶ 7    Plaintiff argues on appeal that the City owed her a duty of reasonable care as to the condition of its sidewalk. Everyone agrees that the crack in the sidewalk at issue here was open and obvious as a matter of law. Plaintiff contends, however, that such a fact is only the beginning of determining whether there existed a legal duty.

¶ 8    The essential elements of a cause of action based on common law negligence are the existence of a duty owed by the defendant to the plaintiff, breach of that duty, and an injury proximately caused by that breach. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140, 554 N.E.2d 223, 226 (1990). Whether a defendant owes a plaintiff a duty of care is usually a question of law to be decided by the court. *Ward*, 136 Ill. 2d at 140, 554 N.E.2d at 226. In making this determination, the court should consider the foreseeability of the injury, the likelihood of the

-3-

injury, the magnitude of the burden on the defendant of guarding against the injury, and the consequences of placing the burden on the defendant. *Clifford v. Wharton Business Group, L.L.C.*, 353 Ill. App. 3d 34, 40, 817 N.E.2d 1207, 1213 (2004).

¶ 9        In general, a party that owns, controls, or maintains property has a duty to maintain the premises in a reasonably safe condition. *Ward*, 136 Ill. 2d at 141, 554 N.E.2d at 227. Any dangerous condition, therefore, must be removed or corrected, or a warning to invitees who might encounter the danger must be provided. *Ward*, 136 Ill. 2d at 141-42, 554 N.E.2d at 227. However, a property owner is generally under no obligation to guard against injury from open and obvious dangers. *Ward*, 136 Ill. 2d at 142, 554 N.E.2d at 227. Open and obvious conditions are conditions and risks which are apparent to and would be recognized by reasonable people exercising ordinary perception, intelligence, and judgment in visiting the area. *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1028, 830 N.E.2d 722, 727 (2005). Property owners are not expected to foresee an injury from an open and obvious danger (*Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 447-48, 665 N.E.2d 826, 832 (1996)), because property owners are entitled to the expectation that those who enter upon their property will exercise reasonable care for their own safety (*Sandoval*, 357 Ill. App. 3d at 1028, 830 N.E.2d at 727).

¶ 10        Our courts have also recognized a "distraction" exception to the open and obvious danger rule grounded in foreseeability. See *Ward v. K mart Corp.*, 136 Ill. 2d 132, 554 N.E.2d 223 (1990). The exception applies when there is reason to expect that a plaintiff's attention may be distracted from the open and obvious condition because circumstances required him or her to focus on some other condition to the extent that he or she will forget the hazard that has already been discovered. *Clifford*, 353 Ill. App. 3d at 42-43, 817 N.E.2d at 1215. Under such circumstances, property owners owe a duty to exercise reasonable care to protect invitees from harm in spite of the open and obvious nature of the danger. *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 796 N.E.2d 1040 (2003).

¶ 11        In this instance, the trial court concluded that in order to apply the distraction exception to impose a duty upon the City, the City had to have created, contributed to, or was responsible in some way for the distraction which diverted plaintiff's attention from the open and obvious condition, thereby charging the City with the reasonable foreseeability that an injury might occur. See *Sandoval*, 357 Ill. App. 3d at 1030, 830 N.E.2d at 729. As plaintiff correctly contends, however, the key question is the foreseeability of the likelihood that an individual's attention may be distracted from the open and obvious condition, not the creation of the distraction. For instance, in *Rexroad*, the court reversed summary judgment in favor of the City of Springfield when a high school manager of a football team stepped into an unbarricaded hole. The student testified that he was distracted from the hole because of his focus on carrying a football helmet to the player who needed it. The helmet was related to the team, but clearly the City of Springfield did not create, contribute to, or cause the distraction which diverted the student's attention. *Rexroad*, 207 Ill. 2d 33, 796 N.E.2d 1040; see also *Clifford*, 353 Ill. App. 3d at 45, 817 N.E.2d at 1216-17 (proof not required that possessor of land created or had control over distraction, nor is proof required that hazardous condition was created by possessor of land).

¶ 12        We believe the situation here is closer to that found in *Harris v. Old Kent Bank*, 315 Ill.

App. 3d 894, 735 N.E.2d 758 (2000). In *Harris*, an elderly patron of the bank sued for injuries sustained when she tripped and fell on a slightly raised sidewalk panel between the bank and the parking lot. While the focus of the court's opinion was on the *de minimis* rule regarding defective sidewalks, the underlying reasoning is just as applicable here. Summary judgment in favor of the bank was reversed after noting that it was reasonable to presume that a patron exiting the bank might be reviewing transactions, looking for car keys or his or her car, and therefore not discover even a minimal defect. As noted in *Harris*, the location of a defect is a determining factor as to whether a defect is actionable. *Harris*, 315 Ill. App. 3d at 901, 735 N.E.2d at 764. It is certainly reasonable to foresee that an elderly patron of an eye clinic might have his or her attention focused on the pathway forward to the door and steps of the clinic as opposed to the path immediately underfoot. It is also reasonable to foresee that a patron of an eye clinic may have had certain procedures performed on his or her eyes and, upon exiting the clinic, may not be looking downward at the sidewalk all of the time, even though the patron may have previously noticed the defect and have knowledge of it. Likewise, it is also reasonable to foresee that such a patron may look up while walking toward the clinic's entrance to see how much farther he or she needs to go before reaching the steps to the clinic. The focus is on the foreseeability of the injury, and it is of no consequence whether or not a jury will consider plaintiff contributorily negligent for looking toward the entrance to the clinic. The factual circumstances of plaintiff's conduct are matters within the purview of the jury, not the court.

¶ 13     A municipality is charged with the duty of ordinary care with regard to its property to the extent that intended and permitted users will utilize municipal property in a manner which is reasonably foreseeable. Plaintiff was a pedestrian on a public sidewalk. Clearly the City knew that pedestrians would be walking on the sidewalk. And, while it is true that a municipality is not required to maintain hundreds of miles of sidewalks in good repair at all times (see *Gillock v. City of Springfield*, 268 Ill. App. 3d 455, 457-58, 644 N.E.2d 831, 833-34 (1994)), here, the City had knowledge of the dangerous situation that had developed on the pathway to the Clinic. The City had even been alerted that at least one other person had already tripped because of the dangerous unevenness of the sidewalk. Additionally, a committee authorized by the City to evaluate tree removal actually reviewed the issue but declined the Clinic's offer to remove the tree at its own expense because of the historic significance of the tree. Clearly, other options existed, such as replacing the cracked sidewalk or reconfiguring the walkway to accommodate the tree. Therefore, it is not a significant burden to impose a requirement on the City that it take action to remedy a known danger in a reasonable time frame. The fact that this condition occurred over several years and that the City had knowledge of the danger does not allow the City to bury its head in the sand and ignore the real danger posed by the uneven sidewalk. Moreover, it is not necessary for a defendant to foresee the precise nature of the distraction. As *Rexroad* illustrates, all that is required is the defendant's awareness that those in proximity to the open and obvious hazard are likely to become distracted in some way and forget about the presence of the hazard. *Rexroad*, 207 Ill. 2d at 46, 796 N.E.2d at 1047; *Clifford*, 353 Ill. App. 3d at 46, 817 N.E.2d at 1218. Whether the City breached its duty of reasonable care to plaintiff, under the circumstances presented here, is a question of fact for the jury. *Clifford*, 353 Ill. App. 3d at

47, 817 N.E.2d at 1218. Accordingly, the court erred in granting summary judgment in favor of the City.

¶ 14     For the reasons stated above, we reverse the judgment of the circuit court of Marion County and remand the matter for further proceedings.

¶ 15     Reversed and remanded.