# Illinois Official Reports

## Supreme Court

---

### *Bruns v. City of Centralia*, 2014 IL 116998

---

Caption in Supreme Court:

VIRGINIA BRUNS, Appellee, v. THE CITY OF CENTRALIA, Appellant.

Docket No.

116998

Filed
Rehearing denied

September 18, 2014
November 24, 2014

Held
(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

Where a city had refused to remove a tree whose roots were causing a crack in the concrete strip between a street and the main sidewalk, and where a plaintiff who knew about the crack slipped and fell there, the "distraction exception" to the rule of no duty to remedy open and obvious defects was not available where she argued only that she was, instead, focusing on the entrance to the building which she was approaching from her parked car.

Decision Under Review

Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of Marion County, the Hon. Michael McHaney, Judge, presiding.

Judgment

Appellate court judgment reversed.
Circuit court judgment affirmed.

Counsel on
Appeal

Brian M. Funk, of O'Halloran Kosoff Geitner & Cook, LLC, of Northbrook, for appellant.

Daniel R. Price, of Wham & Wham Attorneys, of Centralia, for appellee.

Brian Day and Roger Huebner, of Springfield, for *amicus curiae* Illinois Municipal League.

Laura K. Beasley, of Joley, Oliver & Beasley, P.C., of Belleville, for *amicus curiae* Illinois Association of Defense Trial Counsel.

Justices

JUSTICE THEIS delivered the judgment of the court, with opinion. Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Karmeier, and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1   Plaintiff, Virginia Bruns, filed a negligence action in Marion County against defendant, the City of Centralia (City), after she tripped and fell on an uneven sidewalk, sustaining personal injuries. The City moved for summary judgment, arguing that the defect was "open and obvious," and the City was under no duty to protect plaintiff from the defective sidewalk. Plaintiff argued that the "distraction exception" to the open and obvious rule applied, and the City owed her a duty of reasonable care. The trial court granted the City's motion for summary judgment. The appellate court reversed and remanded for further proceedings. 2013 IL App (5th) 130094.

¶ 2   For the reasons that follow, we reverse the judgment of the appellate court and affirm the judgment of the trial court.

¶ 3                                    BACKGROUND

¶ 4   The following facts are not in dispute. On March 27, 2012, plaintiff, then just a few days away from her eightieth birthday, drove to an eye clinic located on 2nd Street in Centralia for a scheduled appointment. Plaintiff did not use the clinic's parking lot. Instead, she parked her car on 2nd Street in front of the clinic, just as she had on each of her nine visits to the clinic during the preceding three months. As she walked toward the clinic, plaintiff stubbed her toe on a crack in the sidewalk, causing her to fall and injure her arm, leg and knee. At the time of the fall, plaintiff was looking "towards the door and the steps" of the clinic. Plaintiff "definitely" noticed the defect in the sidewalk every time she went to the clinic, and was sure she noticed it on March 27. According to plaintiff, "you couldn't help but not [*sic*] notice it."

¶ 5   The defect at issue, which developed over a period of several years, was on the stretch of sidewalk that runs from the street to the main sidewalk in front of the clinic. Roots from a nearby tree caused the sidewalk to crack and become uneven. Sometime prior to 2009, a clinic employee had contacted the City about the defect, and offered to remove the tree at the

- 2 -

clinic's expense. The City would not authorize removal because of the 100-year-old tree's historic significance. In 2009, a clinic employee again contacted the City after learning that someone had tripped and fallen on the sidewalk.

¶ 6    In her complaint, plaintiff alleged that the City negligently maintained the sidewalk, failed to inspect and repair the sidewalk, and permitted the sidewalk to remain in a dangerous condition. The City filed a motion for summary judgment, arguing that the nature of the defect was not in dispute, and that the defect was open and obvious as a matter of law. The City maintained that it was not required to foresee and protect against injuries from a potentially dangerous condition that was open and obvious.

¶ 7    Plaintiff countered that merely labelling the sidewalk defect "open and obvious" would not necessarily bar recovery because the City should have reasonably foreseen that a pedestrian, like plaintiff, could become distracted and fail to protect herself against the dangerous condition. The nature of the distraction on which plaintiff relied was explored during argument on the City's motion:

> "MR. PRICE [Plaintiff's counsel]: *** She [plaintiff] is very clear that at the time this happened she was looking up at the [clinic] door. And that is a reasonable thing for her to do and a reasonable thing for someone to expect someone to do. ***
>
> THE COURT: The only distraction present in this case was the fact that your client was looking at the door; right? Isn't that correct?
>
> MR. PRICE: Yes, sir."

¶ 8    The trial court granted the City's motion for summary judgment, finding the sidewalk defect was open and obvious as a matter of law, and rejecting plaintiff's argument that the distraction exception applied under the facts of this case. The trial court opined that under plaintiff's argument, "the mere existence of an entrance, and/or steps leading up to it, would provide a universal distraction exception to the open and obvious doctrine." Such an expansion of negligence law, the trial court noted, was beyond its authority.

¶ 9    On appeal, the parties agreed that the sidewalk defect was open and obvious as a matter of law, but disagreed as to the applicability of the distraction exception. 2013 IL App (5th) 130094, ¶ 7. According to the appellate court, "the key question is the foreseeability of the likelihood that an individual's attention may be distracted from the open and obvious condition" (*id.* ¶ 11), and "[i]t is certainly reasonable to foresee that an elderly patron of an eye clinic might have his or her attention focused on the pathway forward to the door and steps of the clinic as opposed to the path immediately underfoot" (*id.* ¶ 12). The appellate court concluded that the City had a duty to remedy the sidewalk defect in a reasonable time frame, but whether the City breached this duty was a fact question for the jury. *Id.* ¶ 13. The appellate court thus reversed and remanded for further proceedings. *Id.* ¶ 14.

¶ 10   We allowed the City's petition for leave to appeal (Ill. S. Ct. R. 315(a) (eff. July 1, 2013)), and allowed the Illinois Municipal League and the Illinois Association of Defense Trial Counsel to file briefs *amicus curiae* in support of the City (Ill. S. Ct. R. 345 (eff. Sept. 20, 2010)).

¶ 11                                    ANALYSIS

¶ 12   Summary judgment is a drastic means of disposing of litigation (*Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008)), and is appropriate only where "the pleadings, depositions, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). In order to survive a motion for summary judgment, a plaintiff need not prove her case, but she must present a factual basis that would arguably entitle her to a judgment. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002); see also *Prostran v. City of Chicago*, 349 Ill. App. 3d 81, 85 (2004) (plaintiff in summary judgment proceeding must present some evidence to support each element of the cause of action). In a negligence action, the plaintiff must plead and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and injury proximately resulting from the breach. *Choate v. Indiana Harbor Belt R.R. Co.*, 2012 IL 112948, ¶ 22.

¶ 13 Here, the underlying facts are not in dispute. The only issue is whether, under those facts, the City owed a duty to plaintiff. Whether a duty exists is a question of law for the court to decide. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 280 (2007). "In the absence of a showing from which the court could infer the existence of a duty, no recovery by the plaintiff is possible as a matter of law and summary judgment in favor of the defendant is proper." *Vesey v. Chicago Housing Authority*, 145 Ill. 2d 404, 411 (1991). We review summary judgment rulings *de novo*. *Williams*, 228 Ill. 2d at 417.

¶ 14 In resolving whether a duty exists, we ask "whether defendant and plaintiff stood in such a relationship to one another that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff." *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140 (1990). Four factors guide our duty analysis: (1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant. *Simpkins v. CSX Transportation, Inc.*, 2012 IL 110662, ¶ 18; *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 389 (1998). The weight to be accorded these factors depends upon the circumstances of a given case. *Simpkins*, 2012 IL 110662, ¶ 18.

¶ 15 Under section 3-102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act), a local public entity, like the City here, "has the duty to exercise ordinary care to maintain its property in a reasonably safe condition." 745 ILCS 10/3-102 (West 2012). The Tort Immunity Act did not create this duty; it merely codified the duty that existed at common law. *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 377-78 (1995). Thus, in determining whether the City's general duty of care set forth in section 3-102 extended to the risk at issue in this case—the defective sidewalk—we look to the common law. See *Vesey*, 145 Ill. 2d at 414.[1]

¶ 16 One common law construct relevant here is the "open and obvious rule." Generally, under this rule, "a party who owns or controls land is not required to foresee and protect

[1]Although the City does not argue that it is immune from liability under the Tort Immunity Act, the Illinois Municipal League presses this argument. An *amicus*, however, "takes the case as it finds it, with the issues framed by the parties." (Internal quotation marks omitted.) *Karas v. Strevell*, 227 Ill. 2d 440, 450-51 (2008). Thus, we have consistently rejected attempts by *amici* to raise issues not raised by the parties. *Id.* We note, in any event, that "only if a duty is found is the issue of whether an immunity or defense is available to the governmental entity considered." *Zimmerman v. Village of Skokie*, 183 Ill. 2d 30, 46 (1998). For these reasons, we decline to consider the immunity issue raised by the Illinois Municipal League.

against an injury if the potentially dangerous condition is open and obvious." *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 44 (2003). The open and obvious rule is also reflected in section 343A of the Restatement (Second) of Torts, which this court has adopted. See *Deibert v. Bauer Brothers Construction Co.*, 141 Ill. 2d 430, 434-36 (1990). Under section 343A, a "possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them." Restatement (Second) of Torts § 343A, at 218 (1965). "Obvious" means that "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A cmt. b, at 219 (1965). As explained by this court:

> "In cases involving obvious and common conditions, such as fire, height, and bodies of water, the law generally assumes that persons who encounter these conditions will take care to avoid any danger inherent in such condition. The open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 448 (1996).

¶ 17    The open and obvious rule is not confined to common conditions such as fire, height and bodies of water. Other conditions, including sidewalk defects, may also constitute open and obvious dangers. *E.g.*, *Rexroad*, 207 Ill. 2d at 36, 46 (hole in parking lot adjacent to high school football field); *American National Bank & Trust Co. of Chicago v. National Advertising Co.*, 149 Ill. 2d 14, 25, 27-28 (1992) (high voltage power line in close proximity to walkway on billboard); *Deibert*, 141 Ill. 2d at 438 (rut on construction site directly outside portable bathroom); *Ward*, 136 Ill. 2d at 136, 152-53 (five-foot concrete post located outside entrance to retail store); *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1029 (2005) (defective sidewalk in front of the plaintiff's home).

¶ 18    Whether a dangerous condition is open and obvious may present a question of fact. *American National Bank*, 149 Ill. 2d at 27. But where no dispute exists as to the physical nature of the condition, whether the dangerous condition is open and obvious is a question of law. *Choate*, 2012 IL 112948, ¶ 34. Here, the nature of the sidewalk defect was well documented and was not in dispute. Based on the nature of the defect, the trial court held, and the parties agreed, that the defect was open and obvious as a matter of law. 2013 IL App (5th) 130094, ¶ 7.

¶ 19    The existence of an open and obvious danger is not an automatic or *per se* bar to the finding of a legal duty on the part of a defendant. *Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 425 (1998). "In assessing whether a duty is owed, the court must still apply traditional duty analysis to the particular facts of the case." *Id.* Accord *Sollami v. Eaton*, 201 Ill. 2d 1, 17 (2002); *Bucheleres*, 171 Ill. 2d at 456. Application of the open and obvious rule affects the first two factors of the duty analysis: the foreseeability of injury, and the likelihood of injury. *Id.* Where the condition is open and obvious, the foreseeability of harm and the likelihood of injury will be slight, thus weighing against the imposition of a duty. *Id.* at 456-57.

¶ 20    In this case, in addition to the open and obvious rule, our duty analysis must also consider whether, as the appellate court held, an exception to the open and obvious rule applies. Exceptions to the rule make provision for cases in which "the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee

notwithstanding its known or obvious danger." Restatement (Second) of Torts § 343A cmt. f, at 220 (1965). Illinois law recognizes two such exceptions: the "distraction exception," and the "deliberate encounter exception." *Sollami*, 201 Ill. 2d at 15; *LaFever*, 185 Ill. 2d at 391. The distraction exception applies " 'where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.' " *Sollami*, 201 Ill. 2d at 15 (quoting Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)). The deliberate encounter exception applies " 'where the possessor [of land] has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.' " *Id.* (quoting Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)). Where an exception to the open and obvious rule applies, the outcome of the duty analysis with respect to the first two factors is "reversed." *Belluomini v. Stratford Green Condominium Ass'n*, 346 Ill. App. 3d 687, 692 (2004). Whereas operation of the open and obvious rule negatively impacts the foreseeability and likelihood of injury, application of an exception to the rule positively impacts the foreseeability and likelihood of injury.

¶ 21    In the instant case, the appellate court agreed with plaintiff that the distraction exception applies, and that the City owed plaintiff a duty of reasonable care to protect her from the sidewalk defect, notwithstanding its open and obvious nature. 2013 IL App (5th) 130094, ¶¶ 10-13. The City urges us to reverse the appellate court, arguing that the distraction exception is inapplicable for the simple reason that plaintiff was not distracted. According to the City, the mere fact that plaintiff fixed her attention on the door of the clinic does not constitute a distraction. Plaintiff counters that this case presents a "classic example" of the distraction exception. Plaintiff explains that people do not ordinarily look downward when they walk, and the City should have anticipated that a person approaching the clinic would look at the door and steps.

¶ 22    Preliminarily, we note that the distraction exception will only apply where evidence exists from which a court can infer that plaintiff was actually distracted. See *Sollami*, 201 Ill. 2d at 16-17 (distraction exception did not apply to open and obvious danger of "rocket-jumping" on trampoline because no evidence was presented tending to show that the plaintiff was distracted); *Bucheleres*, 171 Ill. 2d at 452-53 (declining to apply distraction exception where the "record does not indicate that plaintiffs in the instant cases were distracted or forgetful of the lake's existence when they decided to dive off the seawalls"). Accord *Belluomini*, 346 Ill. App. 3d at 695; *True v. Greenwood Manor West, Inc.*, 316 Ill. App. 3d 676, 680 (2000). Here, the only distraction identified by plaintiff is that her attention was fixed on the door and steps of the clinic. Although the record supports that plaintiff was, in fact, looking in that direction, rather than at the defective sidewalk, we conclude that the mere fact of looking elsewhere does not constitute a distraction.

¶ 23    This court has not adopted a precise definition of what constitutes a "distraction" for purposes of the distraction exception to the open and obvious rule. A review of our case law, in which we have found the distraction exception applicable, provides a basis for some general observations about the nature of a distraction.

¶ 24    In *Ward*, the plaintiff was injured when he collided with a five-foot tall concrete post located outside a customer entrance to a retail store operated by the defendant. At the time of

the collision, the plaintiff was carrying a large mirror he had just purchased. We held that the distraction exception applied because the defendant should have anticipated that a customer, even in the exercise of reasonable care, would become distracted by carrying large bulky items from the store. *Ward*, 136 Ill. 2d at 153-54. In so concluding, we also found relevant the following circumstances: the concrete posts could not be seen from the interior of the store; the posts were located immediately outside the doors; another means of egress was unavailable to the plaintiff; and the mirror obscured the plaintiff's view of the post. *Id.* at 154.

¶ 25    In *Deibert*, the plaintiff was injured at a construction site when he stumbled on one of several deep tire ruts as he exited a portable bathroom that was located between two multistory buildings that were under construction. When he exited the bathroom, the plaintiff was looking up because workers had previously thrown construction material off a balcony located near and above the portable bathroom. Under these facts, we concluded that although the tire ruts were open and obvious, the distraction exception applied. *Deibert*, 141 Ill. 2d at 439. We observed that the defendant, as the general contractor, created the hazard that caused the distraction by allowing debris to be thrown off the balcony, and that the plaintiff could not look both up, to check for debris, and down, to protect himself from tripping on the tire rut. *Id.*

¶ 26    In *American National Bank*, a billboard painter was electrocuted when he came into contact with a high-voltage power line that hung only 4½ to 5 feet above the walkrail that ran the length of the billboard. Although the power line constituted an open and obvious danger (*American National Bank*, 149 Ill. 2d at 28), we held that the distraction exception applied (*id.* at 29). The defendant could reasonably foresee that a worker would become distracted by having to watch where to place his feet on the walkrail. *Id.* The worker "could not simultaneously look down at his feet and up at the overhead power line." *Id.*

¶ 27    Finally, in *Rexroad*, a high school student was injured when he stepped into an open and obvious hole in a parking lot adjacent to the football field. The plaintiff, who was working as a manager for the football team during preseason practice, had been instructed by one of the coaches to retrieve a helmet from the locker room, located in the gymnasium to the north of the practice field. The plaintiff exited the practice field through gate B, which was the most direct route to the locker room, and which did not lead to the vicinity of the hole. Upon his return, however, gate B was locked, and the plaintiff headed back to the field by using gate A, which led him to the area of the hole. At the time of his injury, the plaintiff was focused on carrying the helmet to the player, as he had been instructed to do. We found this case similar to the *Ward* case, and that the distraction exception applied because the defendants (the municipality and the school board) could reasonably foresee that a student, under these circumstances, would fail to avoid the risk of the hole. *Rexroad*, 207 Ill. 2d at 46.

¶ 28    In each of these cases, some circumstance was present that required the plaintiff to divert his or her attention from the open and obvious danger, or otherwise prevented him or her from avoiding the risk. In *Ward*, the plaintiff was distracted by carrying bulky merchandise from the defendant's store, using the only means of egress available that led him to the concrete post. Similarly, in *Rexroad*, the plaintiff was distracted by the task he was directed to perform—retrieving a helmet—and was required to use a different route on his return trip that brought him into the area of the hole. In *Deibert* and *American National Bank*, the

- 7 -

plaintiffs were distracted by concern for their own safety—protecting against falling debris, and protecting against a misstep on the billboard walkrail, respectively.

¶ 29 Each of the foregoing cases also made clear that the distraction was reasonably foreseeable by the defendant. In *Ward*, the defendant sold the plaintiff the vision-obscuring merchandise and was keenly aware of the placement of the post directly outside the doors. In *Rexroad*, the municipality and the school board could reasonably foresee that a student worker, required to traverse the parking lot where the hole was located, could become distracted by the task he was directed to perform. In *Deibert*, the defendant created the distraction. And in *American National Bank*, the defendant could foresee that a worker's need to watch his footing on the walkrail would distract him from the overhead power line.

¶ 30 In contrast to these cases, the plaintiff has failed to identify *any* circumstance, much less a circumstance that was reasonably foreseeable by the City, which required her to divert her attention from the open and obvious sidewalk defect, or otherwise prevented her from avoiding the sidewalk defect. The only circumstance upon which plaintiff relies is the fact that, at the time she tripped, she was looking not at the sidewalk, but "towards the door and the steps" of the clinic. The issue, however, is not whether plaintiff was looking elsewhere, but *why* she was looking elsewhere. Plaintiff did not focus her attention on the door and steps of the clinic in order to avoid another hazard or potential hazard like the plaintiffs in *Deibert* and *American National Bank*. Nor did plaintiff fail to avoid the sidewalk defect because some other task at hand required her attention, like the plaintiffs in *Ward* and *Rexroad*. Thus, the present case shares none of the characteristics of the cases in which we have held the distraction exception applies.

¶ 31 To the extent that looking elsewhere could, itself, be deemed a distraction, then it is, at most, a self-made distraction. But as our appellate court explained:

> "A plaintiff should not be allowed to recover for self-created distractions that a defendant could never reasonably foresee. In order for the distraction to be foreseeable to the defendant so that the defendant can take reasonable steps to prevent injuries to invitees, the distraction should not be solely within the plaintiff's own creation. The law cannot require a possessor of land to anticipate and protect against a situation that will only occur in the distracted mind of his invitee." *Whittleman v. Olin Corp.*, 358 Ill. App. 3d 813, 817-18 (2005).

See also Restatement (Second) of Torts § 343A cmt. e, illus. 1, at 220 (1965) (commenting that no liability would lie for a customer's injury from an encounter with open and obvious plate glass door where the customer was "preoccupied with his own thoughts").

¶ 32 Plaintiff argues that looking ahead at the door and steps of the clinic was reasonably foreseeable by the City because people do not continually look downward as they walk, and the distraction exception should thus apply. Plaintiff relies on *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195 (2000), but *Buchaklian* does not support application of the distraction exception in this case. In *Buchaklian*, the appellate court "refuse[d] to hold that invitees, as a matter of law, are required to look constantly downward." *Id*. at 202. The appellate court made this statement not in the context of applying the distraction exception, but in the context of deciding whether the condition at issue—a raised portion of a floor mat in the shower area of a YMCA—was open and obvious in the first place. *Id*. Thus, *Buchaklian* does not speak to the issue before us.

¶ 33    We note that the concept of foreseeability is not boundless. That something "might conceivably occur," does not make it foreseeable. (Internal quotation marks omitted.) *Hills v. Bridgeview Little League Ass'n*, 195 Ill. 2d 210, 238 (2000). Rather, something is foreseeable only if it is "objectively reasonable to expect." (Internal quotation marks omitted.) *Id.* In the absence of evidence of an actual distraction, we disagree with plaintiff that it was objectively reasonable for the City to expect that a pedestrian, generally exercising reasonable care for her own safety, would look elsewhere and fail to avoid the risk of injury from an open and obvious sidewalk defect. The plaintiff's position is contrary to the very essence of the open and obvious rule: because the risks are obvious, the defendant " 'could not reasonably be expected to anticipate that people will fail to protect themselves from any danger posed by the condition.' " *Bucheleres*, 171 Ill. 2d at 448 (quoting *Ward*, 136 Ill. 2d at 148). Were we to conclude, as plaintiff does, that simply looking elsewhere constitutes a legal distraction, then the open and obvious rule would be upended and the distraction exception would swallow the rule.

¶ 34    We hold, contrary to the appellate court, that the distraction exception to the open and obvious rule does not apply under the facts of this case. Whether the appellate court erred in reversing the trial court's grant of summary judgment, however, requires further analysis. "Determining that the open and obvious doctrine applies does not end the inquiry regarding duty in a negligence case." *Sollami*, 201 Ill. 2d at 17. We must yet consider the four factors that inform our duty analysis: (1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant. *Id.*

¶ 35    The first factor carries little weight because a defendant is ordinarily not required to foresee injury from a dangerous condition that is open and obvious. *Bucheleres*, 171 Ill. 2d at 447-48. The second factor also carries little weight because "it is assumed that persons encountering the potentially dangerous condition of the land will appreciate and avoid the risks," making the likelihood of injury slight. *Sollami*, 201 Ill. 2d at 17.

¶ 36    As to the third and fourth factors, we observe that the financial or other burden on the City of repairing this particular stretch of sidewalk, or otherwise protecting pedestrians from the sidewalk defect, is not contained in the record before us. But even if we assume that such burden is not great, the consequences of imposing that burden on the City would go well beyond the instant sidewalk defect. The City has miles of sidewalk to maintain. The imposition of this burden is not justified given the open and obvious nature of the risk involved. See *id.* at 18. Accordingly, we hold that the City had no duty to protect plaintiff from the open and obvious sidewalk defect. We, therefore, reverse the judgment of the appellate court, and affirm the judgment of the trial court granting summary judgment to the City.

¶ 37    Appellate court judgment reversed.

¶ 38    Circuit court judgment affirmed.