2019 IL App (1st) 182068-U

No. 1-18-2068

Order filed October 29, 2019

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SHARYON A. COSEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 M1 300302 |
| | ) | |
| KGF II, LLC, d/b/a UPS Store No. 3261, | ) | Honorable |
| | ) | Catherine A. Schneider, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  In personal injury action, the trial court properly granted summary judgment to defendant, which had no duty to protect plaintiff from the open and obvious danger posed by paper bins near a photocopy machine.

¶ 2    Plaintiff Sharyon A. Cosey appeals from an order of the circuit court granting summary

judgment to defendant, KGF II, LLC d/b/a UPS Store No. 3261, in a negligence action for

injures she sustained when she hit her head on a wall-mounted bin while making photocopies in

defendant's UPS store.[1] On appeal, plaintiff argues that the court erred in granting summary judgment because a genuine issue of material fact exists as to whether the danger posed by the bin was open and obvious. We disagree with plaintiff and affirm.

¶ 3   On February 9, 2015, plaintiff visited defendant's store at 3473 South King Drive to make photocopies. Having been to the store many times previously, plaintiff noticed that the copy machine was pushed around a foot further into the corner than usual. She also noticed, in her peripheral vision, wall-mounted bins of colored paper to the left of the copy machine. Nothing obstructed her view of the bins. Plaintiff bent down to retrieve her copies from the copy machine. When she stood back up, she hit the top of her head on the corner of a bin. She felt pain and slight dizziness, but she did not seek medical attention until two days later, when she went to see Dr. Meredith Lee Orseth. She alleged that since the incident, she suffers from constant headaches and diminished memory.

¶ 4   Defendant moved for summary judgment, arguing that it had no duty to protect plaintiff from the bins because they were an open and obvious condition. In response, plaintiff argued that there was a genuine issue of fact as to whether the placement and nature of the bins was open and obvious. She claimed that the risks associated with the bins were not apparent and a reasonable person could not have understood the risk without knowing details about the bins, such as their weight and how they were affixed to the wall. She also argued that she was not

_____

[1] In plaintiff's amended complaint, defendants were named as "KGF II, LLC, d/b/a UPS Store #3261" and "United Parcel Service, Inc." KGF II, LLC, d/b/a The UPS Store #3261 answered the amended complaint and made a motion for summary judgment. The order granting the motion for summary judgment ruled in favor of defendant "KGF, II LLC d/b/a The UPS Store #3261" and listed defendants as "KGF, II LLC, et al." It is only in the notice to appeal that the appellee's name is listed as "UPS Store No. 3261." Three attorneys separately entered their appearance for the defense: one under "U.P.S. STORE" who filed defendant's brief, and two under "KGF II, LLC d/b/a The UPS Store #3261."

"actively aware of the bins' locations" because she was focused on the copy machine instead of the bins.

¶ 5    The trial court granted defendant summary judgment and denied plaintiff's motion for reconsideration. On appeal, plaintiff contends that the circuit court erred in granting summary judgment to defendant because the bins were an "unreasonably dangerous, open and defective condition."

¶ 6    A motion for summary judgment should only be granted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2016). A reviewing court will construe the record strictly against the movant and liberally in favor to the nonmoving party. *Forsythe v. Clark USA, Inc.*, 224 Ill. 2d 274, 280 (2007). Summary judgment " 'should not be allowed unless the moving party's right to judgment is clear and free from doubt.' " *Id.* (quoting *Jackson v. TLC Associates, Inc.*, 185 Ill. 2d 418, 424 (1998)). Summary judgment should be denied if there is a dispute as to a material fact or if the undisputed facts "could lead reasonable observers to divergent inferences." *Forsythe*, 224 Ill. 2d at 280. We review a grant of summary judgment *de novo*. *Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 16.

¶ 7    To bring an action for negligence, a complaint must present facts that establish "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430 (2006). If the plaintiff fails to establish any of these elements, summary judgment for the defendant is appropriate. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 114

(1995). The non-moving party does not need to prove her complaint during summary judgment, but must bring some evidence that arguably would entitle her to relief at trial. *Keating v. 68th and Paxton, L.L.C.*, 401 Ill. App. 3d 456, 472 (2010). "Mere speculation, conjecture, or guess is insufficient to withstand summary judgment." *Sorce v. Naperville Jeep Eagle, Inc.*, 309 Ill. App. 3d 313, 328 (1999).

¶ 8    A legal duty of care exists when there is a relationship between the parties and "the law imposes on the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Choate v. Indiana Harbor Belt Railroad Co.*, 2012 IL 112948, ¶ 22. The court determines the existence of a duty as a question of law (*id.*), taking into account four factors: "(1) the reasonable foreseeability of injury; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing that burden on the defendant." *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 14. A case-by-case analysis determines the weight to give to each factor. *Id.*

¶ 9    Defendant argues that the danger posed by the bins was "open and obvious" and, thus, negated any duty of care that defendant owed to plaintiff. Property owners are not typically required to protect invitees from potentially dangerous conditions that are open and obvious. *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 447-48 (1996). The Restatement (Second) of Torts states the open-and-obvious rule as follows: "[A] 'possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them.' " *Bruns*, 2014 IL 116998, ¶ 16 (quoting Restatement (Second) of Torts § 343A, at 218 (1965)). This is a common-sense approach: people are expected to avoid obvious risks. *Bucheleres*, 171 Ill. 2d at 448. Thus, a dangerous condition is considered open and

obvious if an invitee can reasonably be expected to discover and protect herself against the condition. *Buchaklian v. Lake County Family Young Men's Christian Ass'n*, 314 Ill. App. 3d 195, 201-02 (2000); see also *Bruns*, 2014 IL 116998, ¶ 16 (condition is open and obvious if " 'both the condition and the risk are apparent to and would be appreciated by a reasonable person in the plaintiff's position exercising ordinary perception, intelligence, and judgment' ") (quoting Restatement (Second) of Torts § 343A cmt. b, at 219 (1965)).

¶ 10    Here, where no dispute exists as to the physical nature of the condition, whether it was open and obvious is a question of law.  *Bruns*, 2014 IL 116998, ¶ 18. It is uncontested that plaintiff saw the bins near the copy machine. Nothing blocked her view of the bins, nor were they moved while she was inside the store. Additionally, plaintiff did not hit any of the bins when bending down to pick up her photocopies but hit a bin when she stood back up. Under these facts, the bins were an open and obvious risk and plaintiff reasonably should have protected herself against the possibility of hitting them. Even though plaintiff did not know the weight of the bins or how they were affixed to the wall, the risk of hitting one's head on a protruding bin is apparent and would be appreciated by a reasonable person exercising ordinary perception, intelligence, and judgment.

¶ 11    Plaintiff argues that even if the dangerous condition was open and obvious, defendant nevertheless had a duty to exercise reasonable care. The existence of an open and obvious danger is not an automatic or *per se* bar to the finding of a legal duty on the part of a defendant. See *id.* ¶ 19. We must still consider whether defendant owed plaintiff a duty under the circumstances.

¶ 12    We find the four factors set forth in *Bruns* weigh against imposing a duty on defendant. As to the first two factors, "[w]here the condition is open and obvious, the foreseeability of harm

and the likelihood of injury will be slight, thus weighing against the imposition of a duty." *Bruns*, 2014 IL 116998, ¶ 19. That is, it is not likely or reasonably foreseeable that a person would be injured by the bins, since they were readily apparent. As to the third and fourth factors—the burden of guarding against the injury and the consequences of placing that burden on defendant—defendant acknowledges the expense of moving the bins would be small. Nevertheless, "[t]he last two factors of the four-factor test, however strongly they militate in favor of imposing a duty, *cannot* outweigh the first two factors." (Emphasis in original.) *Bujnowski v. Birchland, Inc.*, 2015 IL App (2d) 140578, ¶¶ 30, 55 (observing that no published premises-liability case has imposed a duty on defendant where the open-and-obvious rule applied without exception).

¶ 13    Plaintiff nevertheless argues that her injury was foreseeable because defendant should have known that, while making photocopies, patrons "will usually be extending their limbs to ambulate around the machine, bending and rising and turning," and it was therefore incumbent upon defendant to provide her "a freer space in which to maneuver and operate in her photocopying." (Plaintiff is apparently very physically active while making photocopies.) Viewed with the utmost charity, this could be construed as an argument for the distraction exception to the open-and-obvious rule, although plaintiff does not reference this exception by name. The distraction exception applies where a property owner has reason to expect that an invitee might be distracted, so that she might not see an obvious danger, or she might see it but then forget about it and fail to protect herself. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 149-50 (1990) (citing Restatement (Second) of Torts § 343A cmt. f, at 220 (1965)).

¶ 14    Plaintiff has forfeited any argument regarding the distraction exception because she did not raise it before the trial court (*Bank of New York Mellon v. Rogers*, 2016 IL App (2d) 150712, ¶ 72 ("It is well settled that issues not raised in the trial court are forfeited and may not be raised for the first time on appeal")) and presents no authority in support of her argument (Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018)). In any event, we do not find the distraction exception applies, since plaintiff elsewhere in her brief vigorously asserts that she was not inattentive at the time of her injury. See *Sandoval v. City of Chicago*, 357 Ill. App. 3d 1023, 1029-30 (2005) (distraction exception did not apply where plaintiff presented no evidence she was distracted at the time of her injury).

¶ 15    Thus, because the bin on which plaintiff hit her head was an open and obvious condition, and, as a matter of law, defendant owed her no duty to protect against her injury, the trial court properly granted defendant's motion for summary judgment.

¶ 16    Affirmed.