**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190432-U

Order filed July 21, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| JUDY KISSEE, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Marshall County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0432 |
| | ) | Circuit No. 17-L-2 |
| GENSINI EXCAVATING, INC., | ) | |
| | ) | Honorable James A. Mack, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Justice O'Brien, dissented.

**ORDER**

¶ 1    *Held*:  The trial court did not err when it granted summary judgment in favor of defendant.

¶ 2    In a negligence action, plaintiff, Judy Kissee, appeals from the granting of defendant, Gensini Excavating, Inc.'s, motion for summary judgment. She contends the trial court erred in finding defendant owed her no duty of care. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       The City of Lacon contracted defendant to replace the sidewalk along 9th Street. Plaintiff lived on the street where defendant built the new sidewalk. Plaintiff tripped and fell while walking across the sidewalk and broke her arm. Plaintiff filed a complaint against defendant for injuries she sustained. The complaint alleged that the height differential between the newly constructed sidewalk and the ground caused her injuries. According to the complaint, defendant had a duty to exercise ordinary care to see that the property was reasonably safe for pedestrians. Plaintiff claimed defendant breached its duty of care for failing to take measures to correct the dangerous condition, failing to warn her of the danger, failing to finish constructing the sidewalk, and failing to make a reasonable inspection of the sidewalks to prevent her injury.

¶ 5       After taking depositions, defendant filed a motion for summary judgment. Defendant argued that it owed no duty of care to plaintiff under the open and obvious doctrine. The parties attached the transcripts of the deposition testimony of plaintiff, Mike Richetta (the city engineer for Lacon), Rick Funcannon (the assistant water superintendent for Lacon), and Brian Eitutis (an employee of defendant). The transcripts of the depositions established the following evidence.

¶ 6       Plaintiff testified that she lived on 207 9th Street in Lacon, Illinois. On June 21, 2015, she returned to her home and parked her car on the side of the road. She exited her car and walked to her home. As she walked, she tripped over a recently constructed concrete slab in front of her home. She believed the concrete sidewalk had been poured a month prior, but the slab had trenches along the sidewalks that had not been filled. About a four-inch height differential between the trenches and the slab existed at the time of injury. She fell and broke her arm.

¶ 7       According to plaintiff, she walked across the sidewalk "[m]aybe two times, three times" a day while the condition of the sidewalk existed. She noticed the trenches along the sidewalk prior to her injury. When asked if she had any other paths to walk to her home without going over the

sidewalk, plaintiff stated, "I could have walked around over in the street and then gone in through my yard, but my yard is real uneven. And I didn't want to take any chances going that way." Plaintiff did not see the sidewalk due to the dark nighttime conditions. Plaintiff believed defendant backfilled the trenches about a week or two after her injury.

¶ 8        Rick Funcannon, the city water superintendent, testified that he acted as the supervising contractor for the sidewalk project. He believed that the trenches along the sidewalk should have been backfilled sooner. Funcannon observed the area of the injury and took photographs. Funcannon believed that the sidewalk created a hazard to pedestrians.

¶ 9        Funcannon also explained that the sidewalk project spanned several blocks; pedestrians had to cross the sidewalks after the concrete had been laid but before backfilling occurred. Funcannon believed that defendant failed to backfill the new sidewalks soon enough after the concrete cured. Funcannon believed the sidewalk could be backfilled upon removal of the forms for the sidewalk slabs. The City of Lacon's policy is to backfill the trenches as soon as possible.

¶ 10       Richetta, the city engineer, inspected the scene two days after plaintiff's injury. He believed that defendant could have backfilled the sidewalk trenches sooner. The contract and construction agreement with defendant provided for defendant to "[b]ackfill systematically, as early as possible, to allow maximum time for natural settlement. Do not backfill over porous, wet, frozen, or spongy subgrade surfaces." Richetta believed that defendant did not backfill the sidewalk as soon as possible. He believed defendant backfilled the trenches two weeks after "as soon as possible."

¶ 11       Brian Eitutis, defendant's employee, worked on the sidewalk project. Eitutis explained that defendant usually backfilled the sidewalk trenches within a week of pouring the concrete, but defendant's company was small, and did "things a little different." The reason Eitutis said that defendant usually backfilled the trenches within in a week is so that the job would be completed,

and the company could get paid. According to Eitutis, the backfilling may not have occurred right away depending on "what else was going on in the project, you might not have got to it right away."

¶ 12  Plaintiff's response to defendant's motion for summary judgment argued that if the condition was open and obvious, defendant still owed her a duty of care under the deliberate encounter exception. According to plaintiff, defendant should have known that persons would be compelled to encounter the dangerous condition. Alternatively, plaintiff argued that a question of fact existed whether the condition was open and obvious because the injury occurred at nighttime. Plaintiff did not make any argument that defendant owed her a duty under the terms of the contract between defendant and the city.

¶ 13  At the hearing on the motion for summary judgment, defendant and plaintiff repeated the arguments made in their written submissions. Defendant did reference the contract between defendant and the city, noting how defendant failed to backfill the trenches as soon as possible. However, defendant never argued that defendant's duty of care came from the terms of the agreement. Instead, plaintiff alleged that defendant owed her an ordinary duty of care.

¶ 14  Ultimately, the trial court found that the condition was open and obvious. The court concluded that defendant did not owe plaintiff a duty of care. Therefore, the trial court entered summary judgment in favor of defendant.

¶ 15  II. ANALYSIS

¶ 16  On appeal, plaintiff contends the trial court erred in granting summary judgment in favor of defendant. Summary judgment is proper where the pleadings, depositions, affidavits, and admissions on file, when viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact exists and that the moving party is entitled to a judgment as

a matter of law. 735 ILCS 5/2-1005(c) (West 2016); *Petrovich v. Share Health Plan of Illinois, Inc.*, 188 Ill. 2d 17, 30-31 (1999). A plaintiff need not prove her case during a summary judgment proceeding but must present some evidence to support each element of the cause of action. *Ross v. Dae Julie, Inc.*, 341 Ill. App. 3d 1065, 1069 (2003). Our review is *de novo*. *Morris v. Margulis*, 197 Ill. 2d 28, 35 (2001).

¶ 17     At the outset, plaintiff contends that the trial court erred because defendant owed her a duty of care under the terms of the contract between defendant and the city. Specifically, defendant notes that the agreement imposed a duty for defendant to "[b]ackfill systematically, as early as possible, to allow maximum time for natural settlement." Plaintiff never raised this theory in her pleadings. As a result, the issue is forfeited and cannot be presented for the first time on appeal. *DOD Technologies v. Mesirow Insurance Services, Inc.*, 381 Ill. App. 3d 1042, 1050 (2008). In any event, whether defendant's duty is that of ordinary care or contractual, our analysis is the same. Under the contract, defendant had a duty to backfill the trenches "as soon as possible." This is the same as the general standard of care that defendant owed a duty to finish the sidewalk construction in a reasonable manner. In other words, the analysis under both theories requires this court to determine whether defendant had a duty to backfill the trenches of the sidewalk earlier to avoid potential pedestrian injuries.

¶ 18     Plaintiff argues the trial court erred in finding that she failed to establish the existence of a duty owed to her by defendant. Plaintiff contends that the trial court erred when it found that plaintiff failed to establish the deliberate encounter exception to the open and obvious doctrine. Alternatively, plaintiff contends there is a factual question as to whether the condition was open and obvious. We discuss each argument in turn.

¶ 19    The open and obvious doctrine is an exception to the general duty of care owed by a party who owns, occupies, controls, or maintains land. *Ward v K Mart Corp.*, 136 Ill. 2d 132, 151 (1990). However, the existence of an open and obvious condition is not a *per se* bar to a finding of legal duty. See *id.* at 147; *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 449 (1996). The deliberate encounter exception to the open and obvious doctrine "arises when the landowner 'has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.' " *Wilfong v. L.J. Dodd Construction*, 401 Ill. App. 3d 1044, 1054 (2010) (quoting Restatement (Second) of Torts § 343A(1), cmt. f, at 220 (1965)). The exception has most often been applied in cases involving some economic compulsion, as where workers are compelled to encounter dangerous conditions as part of their employment obligations. *Sollami v. Eaton*, 201 Ill. 2d 1, 16 (2002). The deliberate encounter exception applies when, as the name suggests, the encounter is deliberate. *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 394-96 (1998).

¶ 20    Here, the record demonstrates that plaintiff did not deliberately encounter the open and obvious condition. See *Ballog v. City of Chicago*, 2012 IL App (1st) 112429, ¶ 40. Plaintiff admitted that she knew of the sidewalk and trench conditions. She successfully traversed the area several times before her fall. Having successfully traversed the area several times, she readily appreciated the slight risk of walking over the trench and the sidewalk. She could have easily avoided the condition by taking an alternate path to her home. There is no indication of any compulsion or impetus under which a reasonable person in plaintiff's position would have disregarded the obvious risk of encountering the sidewalk and trench. Plaintiff failed to demonstrate that she deliberately encountered the condition. Therefore, we find the open and obvious doctrine applies.

¶ 21      Determining that the open and obvious doctrine applies does not end the inquiry regarding duty in a negligence case. *Sollami*, 201 Ill. 2d at 17. In determining whether a duty exists, a court should consider the following factors: (1) the reasonable foreseeability of injury, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant. *LaFever*, 185 Ill. 2d at 389; *Bucheleres*, 171 Ill. 2d at 456.

¶ 22      The first two factors carry little weight. As to the first factor, a defendant is ordinarily not required to foresee injury from a dangerous condition that is open and obvious *Id.* at 447-48. Under the second factor, "it is assumed that persons encountering the potentially dangerous condition of the land will appreciate and avoid the risks," making the likelihood of injury slight. *Sollami*, 201 Ill. 2d at 17.

¶ 23      Regarding the third and fourth factors, we note that the financial or other burden on defendant in backfilling the trenches at an earlier time is not contained in the record before us. The only evidence presented is that the sidewalks could normally be backfilled earlier. But there is no evidence that the sidewalks in this case could have been backfilled earlier. Moreover, defendant only agreed to backfill the trenches "as soon as possible." Defendant is a small company in charge of constructing the entire sidewalk along plaintiff's street. We cannot say that the burden of filling the trenches earlier established a duty on the part of defendant. Even if we assume that such a burden is not great, the imposition of this burden is not justified given the open and obvious nature of the slight risk involved. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 37. Accordingly, the trial court did not err when it found that defendant had no duty to protect plaintiff from the open and obvious sidewalk condition.

¶ 24    Alternatively, plaintiff contends there is a factual question as to whether the condition was open and obvious at night. Plaintiff does not dispute that the condition was open and obvious during the day. Instead, plaintiff contends there is a factual question as to the visibility of the condition at night. While the visibility of the condition usually creates an issue of fact (*Olson v. Williams All Season Co.*, 2012 IL App (2d) 110818, ¶¶ 42-43), when plaintiff already knows of the condition, there is no issue of fact (*Nida v. Spurgeon*, 2013 IL App (4th) 130136, ¶ 52). The open and obvious doctrine provides that a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is *known* or obvious to them. *Bruns*, 2014 IL 116998, ¶ 16 (quoting Restatement (Second) of Torts § 343A, at 218 (1965)). Here, there is no dispute that plaintiff knew of the dangerous condition. She, therefore, knew the sidewalk and trenches existed even in the low light conditions.

¶ 25                          III. CONCLUSION

¶ 26    For the foregoing reasons, we affirm the judgment of the circuit court of Marshall County.

¶ 27    Affirmed.

¶ 28    JUSTICE O'BRIEN, dissenting:

¶ 29    I dissent because I believe the record indicates that defendant had reason to expect the plaintiff would deliberately encounter the known or obvious danger of the sidewalk because of the advantages to a homeowner of walking directly to her own home outweighed the risk of walking down the street, up her neighbor's driveway, and across her uneven side yard in the dark. See *Morrissey v. Arlington Park Racecourse, LLC*, 404 Ill. App. 3d 711, 727 (2010) (the existence of duty is not determined by the presence or lack of alternate avenues to avoid an open and obvious danger, but whether the alternate was foreseeable, despite the open and obvious danger).

¶ 30    While the first two factors of the duty analysis, the foreseeability and likelihood of injury, weigh against the imposition of a duty when the dangerous condition is open and obvious, the application of the deliberate encounter exception reverses that impact. *Bruns*, 2014 IL 116998, ¶ 19. Balancing that greater weight against the burden of backfilling the trenches sooner, with the lack of any evidence in the record on the extent of that burden, would weigh in favor of finding a duty, and preclude summary judgment.