In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 18-3069

ROBERT MCCARTY,

*Plaintiff-Appellant,*

*v.*

MENARD, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-3261— **Jeffrey Cole,** *Magistrate Judge.*

_____

ARGUED MARCH 29, 2019 — DECIDED MAY 20, 2019

_____

Before HAMILTON, BARRETT, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Robert McCarty tripped over a product display sign at a Menard's home improvement store and then filed suit. The district court dismissed the case at summary judgment in favor of Menard. We affirm based on the open and obvious doctrine which implicates the general duty of care owed to business invitees in Illinois.

## I. Background

On February 13, 2017, McCarty and his employee, Tristan Parks, went to the Menard's store in Antioch, Illinois, to purchase materials for a renovation project. McCarty and Parks needed ¾ inch sheets of oriented strand board ("OSB"), which are similar to plywood. They drove a pickup truck to the store's lumber shed and found the ¾ inch OSB behind the display signs. The OSB piles were stacked side-by-side. The display sign at issue was knee high with protruding wooden legs.

McCarty moved a few of the top boards from a central OSB pile over to the right side onto an adjacent pile while searching for undamaged boards. Parks did the same on the left side. After McCarty moved a few boards from the middle stack to the right, he tripped over a piece of wood that was part of the display sign in front of the right-hand pile. The following photograph, taken by Parks, shows the aftermath.[1]

---

[1] Menard submitted this photograph in support of its Northern District of Illinois Local Rule 56.1(a)(3) Statement of Facts. At his deposition, Parks testified that he took the photograph within seconds of McCarty's fall. At oral argument, both parties referred to this photograph.



The display sign was normally set flush against the stacks, as were the other signs.

## II. Discussion

In Illinois, landowners owe business invitees a duty of care to keep their premises reasonably safe. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016). Illinois courts consider four factors when deciding if a duty of care exists: (1) the reasonable foreseeability of the harm; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding

against the injury; and (4) the consequences of placing that burden on the premises owner. *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018). The open and obvious doctrine implicates the first two factors of the duty of care analysis. *Id*. When the doctrine applies "[t]he open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Bucheleres v. Chicago Park Dist.*, 665 N.E.2d 826, 832 (Ill. 1996).

Whether a hazardous condition is open and obvious is an objective inquiry. The question is would a reasonable person with McCarty's knowledge of the situation appreciate and avoid the hazardous condition? *Dunn*, 880 F.3d at 908. Courts can determine if a condition is open and obvious as a matter of law when there are no material disputes concerning the condition's physical nature. *Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (Ill. 2014).

After giving the evidence careful consideration and construing all reasonable inferences in McCarty's favor, the district court concluded:

> A reasonable person in Mr. McCarty's position, who saw that there were signs, chose the stack he wanted by looking at the signs, walked right up to the signs, was working within a few feet of the protruding sign, and either repeatedly stepped over it or turned toward it, would have noticed the large sign and legs as a tripping hazard.

*McCarty v. Menards*, 319 F. Supp. 3d 974, 987 (N.D. Ill. 2018). On appeal, McCarty argues that the sign was not open and obvious as a matter of law because he was unaware of the display sign prior to tripping.

We review the district court's summary judgment determination *de novo* and make only reasonable inferences, not every conceivable one, in McCarty's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717, 721 (7th Cir. 2018). "A district court properly grants summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Giles v. Godinez*, 914 F.3d 1040, 1048 (7th Cir. 2019).

The display sign was open and obvious. McCarty testified at his deposition that he found the proper OSB by looking at the display signs that identified the boards' thickness. Parks testified that the display signs in front of the piles clearly labeled the OSB sizes and that he and McCarty used the signs to figure out what boards they needed. McCarty further testified that after he moved each sheet of OSB to a pile on the right, he would come back and pick up another sheet. The only reasonable conclusion is that McCarty saw the protruding sign while standing right in front of it.

McCarty nevertheless contends that the district court made impermissible credibility determinations by disregarding his testimony that he was unaware of the display sign. But, the open and obvious inquiry is an objective one. Even when viewed in his favor, McCarty's subjective testimony does not create a triable issue of material fact on whether a reasonable person in his position would have been aware of the display sign. *See Dunn*, 880 F.3d at 908 ("the operative focus is not on *plaintiff* himself") (emphasis in original).[2]

---

[2] McCarty argued below that the distraction exception to the open and obvious rule applied—an argument the district court soundly rejected.

Because the existence of an open and obvious hazard is not an absolute bar to finding a premises owner's legal duty, we must also assess whether Menard owed a duty of care to McCarty applying the traditional duty analysis. *See Dunn*, 880 F.3d at 909-10; *Bruns*, 21 N.E.3d at 690. As to the first two factors, "[w]here the condition is open and obvious, the foreseeability of harm and the likelihood of injury will be slight, thus weighing against the imposition of a duty." *Bruns*, 21 N.E.3d at 690. That leaves us with one last question—do the third and fourth factors involving the store's burden in guarding against safety hazards outweigh the first two factors? *Dunn*, 880 F.3d at 910. They do not.

Menard's internal policies require safety inspections to fix tripping hazards and the record shows the store's employees regularly monitor and inspect the outside lumber yard and are available to assist customers when needed. Staff routinely clean the yard and push display signs back against the stacks of lumber. As we held in *Dunn*, imposing any larger burden on Menard to guard against safety hazards, such as constant surveillance, would be unreasonably onerous. *Id.* Indeed, Illinois courts, including this court sitting in diversity, have repeatedly rejected imposing the duty of continuously monitoring safety conditions in premises liability cases. *See Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 652 (7th Cir. 2014) (collecting cases). McCarty gives us no reason why these cases should not stand.

Because McCarty has not established that Menard owed him a duty of care, we need not address his causation

McCarty has waived this argument because he presents it for the first time in his reply brief. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018).

arguments. *See Roh v. Starbucks Corp.*, 881 F.3d 969, 973 (7th Cir. 2018) ("[U]nder Illinois law, a plaintiff must establish the existence of a duty, the defendant's breach of that duty, and that the breach proximately caused the plaintiff's resulting injuries.").

We AFFIRM the district court's judgment.