In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 21-3333

FITSUM G. SEGID,

*Plaintiff-Appellant,*

*v.*

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.,*

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:20-cv-01228-SEB-DML — **Sarah Evans Barker**, *Judge.*

———————————

ARGUED MAY 27, 2022 — DECIDED AUGUST 26, 2022

———————————

Before ST. EVE, KIRSCH, and JACKSON-AKIWUMI, *Circuit
Judges.*

JACKSON-AKIWUMI, *Circuit Judge.* Fitsum G. Segid applied
to become a naturalized citizen but was denied, and when he
petitioned a district court for review of that denial, that too
was denied. He now appeals, but because he has waived his
arguments on the merits, we affirm.

**I**

Segid is a citizen of Eritrea. While he lived there, he was in a relationship with a woman. Together they had two children by 2004 and another in mid-2006. In January 2004, Segid married another woman who was a United States citizen in Eritrea. He continued his relationship with both women until the first woman left him, taking the children with her, in October 2005.

In early 2006, Segid fled Eritrea for Egypt. There, he applied for an immigrant visa without the help of legal counsel. The visa application asked him to list "ALL Children." But he did not list the two children from his first relationship (the third had not yet been born); instead, he simply marked "N/A." He received the immigrant visa and moved to the United States to live with his wife.

In February 2007, Segid became a lawful permanent resident. Today, he has three children from his marriage, bringing his total number of children to six, from two different relationships.

In April 2015, Segid applied for naturalization, again without the aid of legal counsel. On this application, he listed all six children, including the two omitted from his visa application. He also marked that he had never lied to a United States official to gain entry to the United States and that he had never given false, fraudulent, or misleading information to a United States government official. At his naturalization interview—where, again, he appeared without a lawyer—an adjudications officer asked him if he had in fact never given false or misleading information to a government official. Segid denied doing so. The officer then confronted him about the

discrepancy between his visa and naturalization applications. Segid responded that he did not list the two children because they were not part of his visa petition, and he did not believe he was named on their birth certificates. He also stated he did not list them because he worried for their safety if he did.

In November 2017, United States Citizenship and Immigration Services denied Segid's naturalization application. It determined that Segid had given false testimony at two different points: (1) on his visa application, because he did not disclose his children, and (2) at his naturalization interview, because he stated he had never given false, fraudulent, or misleading information even though he had previously omitted his children from his visa application. Consequently, USCIS determined that Segid had not established that he was a person of good moral character and therefore did not qualify for naturalization.

Segid asked for and was granted a hearing, at which USCIS denied his application again. USCIS found that Segid lied during his naturalization interview, and because he had also lied on his visa application, he was never lawfully admitted to the United States to begin with.

Segid, now with retained counsel, filed a petition for review in the district court under 8 U.S.C. § 1421(c). In his complaint, Segid repeated the facts described above. USCIS moved to dismiss the suit and argued that Segid had pled himself out of court. Segid opposed the motion and argued that (1) he satisfied the requirements of § 1421(c) and (2) he was eligible for naturalization. The district court disagreed on the second point. The district court found that Segid had admitted in his complaint that he intentionally omitted the two children from his visa application, which the court concluded

was a material misrepresentation to procure an immigration benefit, meaning Segid was not lawfully admitted to the United States. The district court also found that Segid pled himself out of establishing good moral character by admitting that he stated that he had never provided misleading information to a United States official during his naturalization interview. Based on these two findings, the district court granted the motion to dismiss. Segid timely appealed.

## II

An individual whose naturalization application is denied after a hearing can petition a district court to perform a de novo review of the application. 8 U.S.C. § 1421(c). To apply for review under § 1421(c), an individual must meet three criteria: (1) the individual must have filed a naturalization application; (2) USCIS must have denied the application; and (3) the individual must have requested and had a hearing before USCIS that resulted in a second denial. *Id.* These requirements of § 1421(c) are mandatory administrative requirements or claim-processing rules—without satisfying them, an individual has not exhausted administrative remedies before USCIS and cannot pursue relief under § 1421(c). *Moya v. United States Dep't of Homeland Sec.*, 975 F.3d 120, 126–27 (2d Cir. 2020) (citation omitted) ("In short, Section 1421(c)'s exhaustion requirement is 'mandatory,' and [plaintiffs] may not sue until they have satisfied it."); *Shweika v. Dep't of Homeland Sec.*, 723 F.3d 710, 716, 719–20 (6th Cir. 2013) (requirements under § 1421(c) are jurisdictional claim-processing rules).

Although Segid argued the merits of his eligibility for naturalization before the district court, his primary argument on appeal is that he has stated a claim for relief under § 1421(c) because he has met the administrative requirements of the

statute: he filed a naturalization application, which was de-nied, and he had a hearing that also resulted in a denial.

Unfortunately, Segid misconstrues the statute. These re-quirements are claim-processing rules; they are not the ele-ments of a claim under the statute. Rather a claim under § 1421(c) focuses on whether the individual should have been granted naturalization. *See Bijan v. USCIS*, 900 F.3d 942, 946 (7th Cir. 2018). Segid's opening brief is silent on this question. The mere fact that Segid has followed the administrative pro-cess properly does not—on its own—entitle him to proceed on his § 1421 claim.

Seemingly recognizing the error of focusing on the admin-istrative requirements of § 1421(c), Segid addresses the merits of his naturalization claim in his reply brief. He suggests that he preserved his merits arguments because he argued in his opening brief that the district court relied on information out-side the pleadings when it determined that he had failed to state a claim. But arguing that the district court considered extrinsic facts outside the four corners of the complaint in denying Segid's petition for review still does not amount to addressing the merits of Segid's claim to naturalization.[1]

Segid's failure to properly present his arguments before us constitutes waiver. We have consistently held that "argu-ments raised for the first time in a reply brief are waived," *Thorncreek Apts. III, LLC v. Mick*, 886 F.3d 626, 636 (7th Cir. 2018) (citation omitted), even when the litigant previously

---

[1] Moreover, Segid's procedural argument is meritless. In ruling on USCIS's motion to dismiss, the district court relied solely on Segid's com-plaint; in reciting and analyzing the facts, the district court cited only to the complaint and nothing more.

raised the issue before the district court. *See McCarty v. Menard, Inc.*, 927 F.3d 468, 472 n.2 (7th Cir. 2019) (citation omitted).

Here, Segid presented his arguments on the merits of his naturalization claim before the district court, but he neglected to address this dispositive issue in his opening brief. That is waiver. *See id.* Because of Segid's waiver, we have no occasion to consider any potentially meritorious arguments about his eligibility for naturalization.

AFFIRMED.