ESTATE OF MICHAEL S. RUPPEL, by Cathy Ruppel, Ex'x, Plaintiff-Appellant, v. HYEON JIN, INC., d/b/a Pine Yard Restaurant and Carriage House Motor Inn, Defendant-Appellee.

First District (2nd Division)   No. 1—93—2695

Opinion filed May 16, 1995.

528

Elliff, Keyser, Oberle & Davies, P.C., of Pekin (Burt L. Dancey and William P. Streeter, of counsel), and Robertson & Wall, of Chicago, for appellant.

Law Offices of Sherwin Greenberg, of Chicago (Sherwin Greenberg, of counsel), for appellee.

JUSTICE McCORMICK delivered the opinion of the court:

Plaintiff appeals the trial court's denial of its motion to file a second amended complaint and dismissal of its negligence action. Plaintiff alleged negligence by defendant in the death of Michael Ruppel (the deceased), who, while intoxicated, fell down some stairs at the Carriage House Motor Inn (Carriage House) located in Northlake, Illinois. Plaintiff contends that the trial court erred in finding that defendant owed no duty to the deceased.

In reviewing the dismissal of a complaint, we examine it, accepting as true all well-pleaded facts. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) Plaintiff's amended complaint alleges that at 7:30 p.m. on August 28, 1989, the deceased was drinking alcoholic beverages at the Pine Yard Restaurant, which is a part of the Carriage House. The deceased became highly intoxicated and left the Pine Yard to return to his room on the second floor of the Carriage House. The deceased passed the front desk of the motel, at which the manager, Albert Bernstein, was stationed. Bernstein saw the deceased in his intoxicated state and knew that the deceased had to ascend a flight of stairs to return to his room. Bernstein neither warned the deceased that the stairs were dangerous, nor attempted to help him up the stairs. The deceased began to ascend the stairs and fell. He was hospitalized as a result of the fall and died a week later.

The trial court dismissed plaintiff's original complaint and its amended complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615) for failure to allege a duty owed to the deceased by defendant. Upon dismissal of plaintiff's amended complaint, the trial court granted plaintiff leave "to tender a 2nd amended complaint to the court for its determination as to whether plaintiff will be granted leave to *** file same." At a hearing on plaintiff's motion to file its second amended complaint, the trial court found that plaintiff failed to allege either a defect in the stairs or that the deceased had been exhibiting impaired motor skills at the time of his fall. The court concluded:

"Looking at the duty analysis, likelihood of injury, burden of placing that duty on a *** defendant, it appears to me as a matter of law in this case to require an innkeeper in this situation without knowledge that *** [the deceased] was having trouble with the steps, there is no allegation he had fallen, gotten up and started again. There is an allegation he walked in the bar and he got where he had gotten without falling. Clear[ly] he was intoxicated. I don't think an innkeeper in this set of facts has a duty to actively seek out and prevent on the idea it is possible an intoxicated person could fall on the stairs."

This appeal followed.

Plaintiff asks that we take a quantum leap and expand the duty owed to an intoxicated person. Relying on *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223, plaintiff contends that because Bernstein knew the deceased was intoxicated, he could reasonably have anticipated that the deceased would get hurt climbing stairs and, therefore, defendant owed a duty to the deceased to warn him or otherwise protect him from the danger presented by the stairs at the Carriage House. Plaintiff misapprehends the scope of *Ward*.

In *Ward*, a shopper carrying a large mirror out of a store walked into a post in a parking lot. The shopper admitted having seen the post when he entered the store, but he forgot it was there while he was shopping and his view was obstructed by the mirror. In finding that K mart owed the plaintiff a duty to warn him of or protect him from the post, our supreme court reassessed the standards applicable to determining a defendant's duty to protect plaintiffs in an encounter with an open and obvious dangerous condition. Prior to *Ward*, the courts held that defendants owed no duty to plaintiffs injured in such encounters. (*Bialek v. Moraine Valley Community College School District 524* (1994), 267 Ill. App. 3d 857, 642 N.E.2d 825.) The *Ward* court adopted section 343A of the Restatement (Second) of Torts (Restatement (Second) of Torts § 343A (1965)) in

holding that defendants owe a duty to remedy or warn of an open and obvious condition when "the defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but who may reasonably be expected to be distracted *** or forgetful of the condition after having momentarily encountered it." *Ward*, 136 Ill. 2d at 152.

We observe that although *Ward* warned generally against applying the open and obvious doctrine mechanically "by merely viewing [a] condition in the abstract, wholly apart from the circumstances in which it existed" (*Ward*, 136 Ill. 2d at 152), it acknowledged, citing other cases, that the focus in such situations remains primarily on the character of the condition on the land, rather than on the physical condition of the plaintiff. In *Ward*, the plaintiff, by transporting his purchases from the store to his car, engaged in conduct which was encouraged and expected of him. (*Bialek*, 267 Ill. App. 3d at 863.) Likewise, in the case at bar, we may assume that the deceased was expected to ascend the stairs in order to gain access to his room. It is doubtful that the deceased, who voluntarily became intoxicated, falls within the class of plaintiffs who are generally exercising reasonable care for their own safety or may be said to have been reasonably distracted or reasonably forgetful, as required by *Ward*.

■ In light of *Ward*, our courts have held that a stairway is not generally considered "unreasonably dangerous solely because of the normal risks a person undergoes when using stairs." (*Glass v. Morgan Guaranty Trust Co.* (1992), 238 Ill. App. 3d 355, 360, 606 N.E.2d 384.) Thus, "the law does not require a person to foolproof stairs against normal risks." (*Glass*, 238 Ill. App. 3d at 360.) Indeed, "stairs, by their very nature, create the risk that persons using them might be injured by a fall." (*Glass*, 238 Ill. App. 3d at 358.) In *Glass*, the court refused to impose a duty upon owners of stairways to warn or otherwise make "safe" their stairs for shoppers carrying objects. The court specifically noted that posting a warning that stairs are dangerous would be "pointless." (*Glass*, 238 Ill. App. 3d at 361.) Here, to the extent that plaintiff's case relies on the physical incapacity that being intoxicated creates, a verbal warning would have been of little or no assistance to the deceased.

■ Nonetheless, *Ward* does caution that under circumstances where injury is reasonably foreseeable, notwithstanding that the condition is open and obvious, the existence of a duty depends largely upon public policy considerations. Some of the factors to be considered are the likelihood and potential seriousness of injury, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the defendant. *Ward*, 136 Ill. 2d at 151.

■ In this case, plaintiff failed to allege that the deceased had displayed any outward signs of being physically incapacitated, such as difficulty in walking or balancing. Instead, plaintiff relied on the conclusory allegation that Bernstein "saw Michael S. Ruppel [deceased] in a highly intoxicated condition." Absent any signs of impaired physical mobility that reasonably informed defendant that the deceased could not safely ascend the stairs, a duty to warn or assist does not exist. The conclusory allegation that the deceased was highly intoxicated does not allow us to speculate that he had an observable incapacity to successfully ascend the stairs. Hence, the deceased's injury was not reasonably foreseeable. Moreover, the public policy consideration of imposing on a hotel the burden of escorting intoxicated persons to their destinations would be quite onerous. Ultimately, the hotel would be required to provide for the total care and safety of intoxicated persons on its premises.

Finally, plaintiff suggests that because defendant and the deceased had the special relationship of innkeeper-guest, defendant owed the deceased a "heightened" duty to protect him generally from danger. The special relationship doctrine exists under very limited circumstances, imposing a duty upon certain defendants, among them innkeepers, to exercise *ordinary* care in protecting their guests from the criminal or tortious acts of third persons. (See *Petersen v. U.S. Reduction Co.* (1994), 267 Ill. App. 3d 775, 641 N.E.2d 845 (examining the special relationship doctrine established in Restatement (Second) of Torts § 314(A) (1965).) Plaintiff in the instant case relies on *Yamada v. Hilton Hotel Corp.* (1977), 60 Ill. App. 3d 101, 376 N.E.2d 227, which involves such a situation. The *Yamada* court affirmed the liability of a hotel for the wrongful death of the plaintiff at the hands of an assailant who stabbed the plaintiff on hotel grounds. However, the case at bar involves only plaintiff's allegation that defendant committed a tortious act against the deceased by failing to warn him of, or escort him up, the stairs. Thus, plaintiff has failed to allege a duty premised upon the tortious act of a third person, so as to invoke the special relationship doctrine.

The trial court correctly denied plaintiff's motion for leave to file its second amended complaint and correctly dismissed plaintiff's action.

Affirmed.

SCARIANO, P.J., and DiVITO, J., concur.