2019 IL App (3d) 180132

Opinion filed October 16, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| JEFFREY SMITH, | ) | Appeal from the Circuit Court |
| | ) | of the 3rd Judicial Circuit, |
| | ) | Tazewell County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-18-0132 |
| v. | ) | Circuit No. 15-L-119 |
| | ) | |
| THE PURPLE FROG, INC., d/b/a/ | ) | Honorable |
| POTTSIE'S PLACE, | ) | Michael Risinger, |
| | ) | Judge, Presiding. |
| Defendant-Appellee. | ) | |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1     The Plaintiff, Jeffrey Smith, sued the defendant, The Purple Frog, Inc., d/b/a/ Pottsie's Place (Pottsie's), seeking to recover for injuries he sustained when he came in contact with a wall heater on the defendant's premises. Smith alleged that Pottsie's was liable for negligence under a premises liability theory and also because it had negligently installed the wall heater in a location where its customers could come in contact with it. The trial court granted summary judgment in Pottsie's favor. This appeal followed.

¶ 2                                          FACTS

¶ 3         Pottsie's is a bar located in Pekin, Illinois. On December 2, 2014, Smith went to Pottsie's at approximately 11:30 p.m. Smith had been to Pottsie's approximately six times prior to that evening. Pottsie's has a beer garden that functions as an outdoor smoking area. Shortly before midnight, Smith went outside to the beer garden to smoke. He did not bring his coat. There was a wall-mounted gas heater inside the beer garden which was on at the time Smith went outside. A sign attached to the wall over the heater read, "Heater is hot. We are not responsible for your silly ass getting too close!! Thanks, Pottsie's". Smith voluntarily backed up toward the heater to keep warm. He was swaying back and forth trying to "loosen up" his hips. Eventually, he leaned back to scratch his shoulder on the wall/heater glass and his flannel shirt caught fire. Smith eventually removed his flannel shirt and t-shirt, both of which continued to burn after removal. Smith suffered injuries during the incident.

¶ 4         Notes written by an EMT who treated Smith indicate that Smith had consumed eight beers that evening. Although Smith does not recall making that statement to the EMT, he admits that he was intoxicated that evening.

¶ 5         Smith estimated that he had been in Pottsie's beer garden approximately 18 times prior to the December 2, 2014, incident. He acknowledged that he was aware of the warning sign placed above the heater and had seen it on each of the prior occasions that he was in Pottsie's beer garden. Although he had leaned on the heater once or twice before, he had never experienced any incident with the heater prior to December 2, 2014. However, Smith knew that the heater got hot based on his prior encounters with the heater. Smith swore that, at the time of the incident, the heater's glass was "cherry red hot" but there was no open flame emanating from the heater.

¶ 6     The owner-operators of Pottsie's had purchased the gas heater at issue and had an unidentified customer of theirs run the gas lines to the heater.[1] The manufacturer's manual that came with the heater stated that the heater must not be placed in a location where people could walk near it. However, the heater was installed in Pottsie's beer garden at torso height near some picnic tables. The path between the picnic tables and the heater was only wide enough for one person to pass through. There is no evidence that whoever installed the heater was given the manual that came with the heater.

¶ 7     Smith filed a complaint sounding in negligence. He alleged that Pottsie's was liable under premises liability principles because it did not adequately warn Smith of the hazard posed by the heater or otherwise protect him from such hazard. Smith also alleged that Pottsie's negligent installation of the heater in an area where patrons could come into physical contact with it proximately caused his injuries.

¶ 8     Pottsie's moved for summary judgment. The trial court held that: (1) the heater's manual did not create a duty of care; and (2) "Smith was fully aware of the notice and undertook his own actions voluntarily." Accordingly, the trial court granted Pottsie's motion and entered summary judgment in Pottsie's favor. This appeal followed.

¶ 9                                    ANALYSIS

¶ 10    "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, *** show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Internal quotation marks omitted.) *Morrissey v.*

---

[1] The owners initially alleged that Shearer Electric ran the gas lines. However, during his deposition, Shearer Electric's owner testified that the company never ran gas lines as part of its business.

*Arlington Park Racecourse, LLC*, 404 Ill. App. 3d 711, 724 (2010). In determining whether the moving party is entitled to summary judgment, the court must construe the pleadings and evidentiary material in the record strictly against the moving party. *Id.* To survive a motion for summary judgment, a plaintiff need not prove his case, but he must present a factual basis that would arguably entitle him to a judgment. *Wade v. Wal-Mart Stores, Inc.*, 2015 IL App (4th) 141067, ¶ 12. We review a trial court's decision to grant or deny a motion for summary judgment *de novo*. *Id.*; see also *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 13.

¶ 11 In a negligence action, the plaintiff must plead and prove the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and injury proximately resulting from the breach. *Bruns*, 2014 IL 116998, ¶ 12. Whether a duty exists is a question of law for the court to decide. *Id.* ¶ 13; *Henderson v. Lofts at Lake Arlington Towne Condominium Ass'n*, 2018 IL App (1st) 162744, ¶ 38. In the absence of a showing from which the court could infer the existence of a duty, no recovery by the plaintiff is possible as a matter of law and summary judgment in favor of the defendant is proper. *Bruns*, 2014 IL 116998, ¶ 13; *Henderson*, 2018 IL App (1st) 162744, ¶ 38.

¶ 12 In determining whether a duty exists, we look to four factors: (1) foreseeability; (2) likelihood of injury; (3) magnitude of the burden on the defendant to guard against the injury; and (4) consequences of placing a burden on the defendant. *LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 389 (1998). Where, as here, an injury is allegedly caused by a condition on a defendant's property, the first factor to be considered is foreseeability. *Morrissey*, 404 Ill. App. 3d at 725; see also *LaFever*, 185 Ill. 2d at 389. In doing so, we are guided by the analysis of section 343 of the Restatement (Second) of Torts and our supreme court's interpretation of that section. *LaFever*, 185 Ill. 2d at 389; see also *Sollami v. Eaton,* 201 Ill. 2d 1, 16-17 (2002). Section 343

4

subjects a landowner to liability if the owner: (1) knows or by the exercise of reasonable care would discover the condition; (2) should expect that the danger will not be discovered by the invitees; and (3) fails to exercise reasonable care to protect them against the danger. Restatement (Second) of Torts § 343 (1965).

¶ 13    However, even if the landowner is found to have a duty to keep his premises in a reasonably safe condition, he or she does not need to remove all dangers from his premises in order to avoid liability. *Ward v. K Mart Corp.*, 136 Ill. 2d 132, 141-42 (1990). If the landowner chooses to maintain a dangerous condition on his premises, an adequate warning to invitees suffices to render the condition "reasonably safe." *Id.* at 141.

¶ 14    In this case, the trial court properly granted summary judgment in favor of Pottsie's because Smith presented no evidence that could establish that Pottsie's owed him a duty to provide additional warnings regarding the heater or to take any additional steps to prevent him from being harmed by the heater. This is not a case where an owner or possessor of land failed to warn of a dangerous condition on the premises. Smith concedes that Pottsie's placed a warning above the heater and that he saw the warning on several prior occasions. Moreover, Smith has not challenged the adequacy of the warning (*i.e.*, he does not argue that the warning was insufficiently visible or clear to apprise him of the danger posed by the heater). Thus, even assuming *arguendo* that Pottsie's had a duty to warn its invitees of the hazard created by the heater, the undisputed facts establish that Pottsie's discharged that duty by providing an adequate warning. *Id.* (if the landowner chooses to maintain a dangerous condition on his premises, an adequate warning suffices to render the condition "reasonably safe").

¶ 15    Smith's argument that his injury falls within an exception to the rule shielding landowners from liability for injuries caused by "open and obvious" dangers is misplaced. The

5

exceptions to the "open and obvious" rule establish a landowner's duty under certain circumstances to warn of certain risks or hazards (or to eliminate them) even though such risks or hazards are known or obvious to an invitee (see, *e.g.*, *LeFever*, 185 Ill. 2d at 392-98; *Henderson*, 2018 IL App (1st) 162744, ¶¶ 46-55); however, they do not establish an additional duty where, as here, the landowner has already provided a clear and legible warning next to the hazard at issue, a warning which the plaintiff concedes he saw and understood on several prior occasions. As the trial court correctly ruled, the undisputed evidence establishes Smith was "fully on notice" of the burn hazard presented by the heater but voluntarily decided to confront that hazard despite the known risk. Accordingly, Smith's negligence claim fails as a matter of law.

¶ 16     However, even if we were to ignore Smith's admission that he had repeatedly seen and understood the warning provided by Pottsie's, we would still affirm the trial court's judgment. Given the other undisputed evidence provided by the parties, Smith cannot establish that Pottsie's owed him a duty to provide additional warnings or otherwise eliminate any dangers posed by the heater. Generally, " '[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them.' " *Wade*, 2015 IL App (4th) 141067, ¶ 14 (quoting Restatement (Second) of Torts § 343A (1965)); Under Section 343A of the Restatement, which the Illinois Supreme Court has adopted (see, *e.g.*, *Deibert v. Bauer Brothers Construction Co., Inc.*, 141 Ill. 2d 430, 434 (1990)), "obvious" means that "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." Restatement (Second) of Torts § 343A cmt. b (1965). However, the rule barring liability for known or obvious hazards is subject to certain exceptions. An owner or possessor of land may be liable for harm caused by hazards that are known or obvious to an invitee if the

owner or possessor "should anticipate the harm despite such knowledge or obviousness." *Sollami*, 201 Ill. 2d at 15 (quoting Restatement (Second) of Torts § 343A(1) (1965)). The possessor of the premises should reasonably anticipate such harm when he or she: (1) "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it"; or (2) "has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *LaFever*, 185 Ill. 2d at 391 (quoting Restatement (Second) of Torts § 343A cmt. f (1965)). Courts refer to these two exceptions as the "distraction exception" and the "deliberate encounter exception," respectively. *Sollami*, 201 Ill. 2d at 15; *LaFever*, 185 Ill. 2d at 391.

¶ 17        Smith concedes that the danger presented by the wall heater was open and obvious. However, he argues that one or both of the recognized exceptions to the open and obvious rule should apply here. The undisputed evidence forecloses this argument. The "deliberate encounter" exception usually applies "where the plaintiff has an economic reason for choosing to encounter the danger, such as a job requirement." *Kleiber v. Freeport Farm & Fleet, Inc.*, 406 Ill. App. 3d 249, 259-60 (2010).[2] At a minimum, to avail himself of the "deliberate encounter" exception, the plaintiff must demonstrate some compelling reason that forced him to confront the danger and the lack of a viable alternative. See, *e.g.*, *Simmons v. American Drug Stores, Inc.*, 329 Ill. App. 3d 38, 40-41 (2002) (plaintiff had to encounter the danger to leave the store area

_____

[2] See also *LaFever*, 185 Ill. 2d at 394; *Morrissey*, 404 Ill. App. 3d at 725-26 (the deliberate encounter exception "has most often been applied in cases involving economic compulsion, as where workers are compelled to encounter dangerous conditions as part of their employment obligations"); *Lucasey v. Plattner*, 2015 IL App (4th) 140512, ¶ 42 ("The cases in which courts have applied the deliberate-encounter exception almost always involve a plaintiff forced to make a choice between either facing the danger or neglecting his duties."); *Buerkett v. Illinois Power Co.*, 384 Ill. App. 3d 418, 424 (2008) ("Under the deliberate-encounter exception, individuals will make deliberate choices to encounter hazards when faced with employment concerns, and those encounters are reasonably foreseeable by possessors of property.").

7

and to get to his car). No such reason exists in the present case. Smith had no business or economic reason for backing into the heater. Rather, he stood near the heater to stay warm while he was smoking in the beer garden, and he leaned into the heater to scratch his shoulder on it. He presented no evidence suggesting that he had no other viable option available to him at the time. In fact, the evidence is to the contrary. Smith did not take his coat with him when he went outside to smoke in the beer garden. If he wanted to stay warm outside, he could have simply worn his coat instead of confronting a known burn hazard. Moreover, it goes without saying that the need to scratch an itch is not a reasonable (much less compelling) reason to back into a hot wall heater.

¶ 18 Nor can Smith establish that the "distraction exception" to the known and obvious risk rule applies here. As an initial matter, the distraction exception applies only where evidence exists from which a court can infer that the plaintiff was, in fact, distracted at the time the injury occurred. *Bruns*, 2014 IL 116998, ¶ 22. Moreover, the distraction at issue may not be entirely self-created (such as the plaintiff's mere failure to pay attention). *Id.* ¶¶ 31-34. For the distraction exception to apply, the plaintiff's attention to the known or obvious danger must be diverted by something outside of his own mind, and the fact that the plaintiff would be distracted must be reasonably foreseeable to the defendant. See *id.* ¶¶ 28-32; see also *Ward*, 136 Ill. 2d at 153-54 (holding that the distraction exception applied where defendant store owner could have reasonably anticipated that a customer would become distracted when carrying large, bulky items from the store and would walk into a concrete post that was located immediately outside of the only door leading out of the store which was not visible from inside the store).

¶ 19 Smith has presented no evidence of any such "distraction" in this case. He does not claim that his attention was diverted from the heater by any other event, circumstance, or

condition of the premises. His argument that he was foreseeably "distracted" at the time of his injury rests entirely upon his claim that he was intoxicated at the time. He contends that, because Pottsie's served intoxicating liquors, it was reasonably foreseeable that one of its customers would fail to appreciate the open and obvious hazard presented by the wall heater or would forget about the hazard despite having read and understood the posted warning on prior occasions. We disagree. As an initial matter, to whatever extent that voluntary intoxication may be considered a "distraction" from known and obvious hazards, it is a distraction that is created by the plaintiff and internal to his own state of mind. As such, it is not the type of external, foreseeably distracting event or condition to which the distraction exception applies. *Bruns*, 2014 IL 116998, ¶ 31 ("A plaintiff should not be allowed to recover for self-created distractions that a defendant could never reasonably foresee." (internal quotation marks omitted)); see also *Estate of Ruppel v. Hyeon Jin, Inc.*, 272 Ill. App. 3d 527, 530 (1995) (noting that it was "doubtful" that a voluntarily intoxicated hotel guest who fell down the hotel's stairs "falls within the class of plaintiffs who are generally exercising reasonable care for their own safety or may be said to have been reasonably distracted or reasonably forgetful," as required for an exception to the open an obvious rule to apply).

¶ 20      In addition, Smith presented no evidence that any owner, employee, or other agent of Pottsie's knew that he was intoxicated at the time, much less that he was so intoxicated that he was foreseeably likely to deliberately back into a hot wall heater (ignoring the posted warning) in order to scratch an itch. Absent such evidence, Smith's injury cannot be deemed to be reasonably foreseeable as a matter of law, and his alleged intoxication cannot be relevant to the duty analysis in this case. See, *e.g.*, *Duffy v. Togher*, 382 Ill. App. 3d 1, 12-13 (2008) (ruling that a plaintiff's alleged intoxication "is not relevant to the determination of the duty owed by

9

defendant" in a premises liability case, and it "does not affect this court's analysis of whether the danger was open and obvious[,] *** [which] is evaluated on an objective standard"); *Estate of Ruppel*, 272 Ill. App. 3d at 531 (absent some signs of impaired physical mobility or other observable incapacity to avoid an open and obvious hazard, an intoxicated plaintiff's being injured by such a hazard cannot be deemed reasonably foreseeable by a defendant business owner, even if the defendant knows that the plaintiff is intoxicated). To hold otherwise would be to impose an unduly onerous burden on such defendants by requiring them to "provide for the total care and safety of intoxicated persons on its premises." *Id.*

¶ 21 Because no exception to the open and obvious rule applies here, Smith cannot establish that Pottsie's owed him a duty to provide any additional warnings or safeguards to protect him from the known and obvious danger presented by the wall heater. As noted above, in determining whether a duty exists, we look to four factors: (1) foreseeability of injury; (2) likelihood of injury; (3) magnitude of the burden on the defendant to guard against the injury; and (4) consequences of placing a burden on the defendant. *LaFever*, 185 Ill. 2d at 389. The danger presented by the heater was open and obvious, which diminishes both the foreseeability and the likelihood of the injury. *Bruns*, 2014 IL 116998, ¶ 19 (where the hazardous condition at issue is known or obvious, "the foreseeability of harm and the likelihood of injury will be slight, thus weighing against the imposition of a duty"); see also *Henderson*, 2018 IL App (1st) 162744, ¶ 40 ("The open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks."), quoting *Bucheleres v. Chicago Park District*, 171 Ill. 2d 435, 448 (1996). Requiring Pottsie's to take further steps in addition to the clear and prominent warning it provided would essentially render Pottsie's an insurer of its invitees' safety, which would be unduly burdensome and contrary to

10

law. By displaying a clear and legible written warning above the heater (which Smith concedes he saw on several prior occasions), Pottsie's took reasonable care to protect its invitees from the danger, and Pottsie's could not reasonably have expected that the danger posed by the heater would not be discovered by its customers.

¶ 22     Smith also argues that the trial court erred in granting summary judgment for Pottsie's by holding that the wall heater's manual did not create a duty, "instead of addressing the requisite factors of whether or not there was a duty." Smith is mistaken. As noted above, Pottsie's provided a written warning above the heater that Smith admitted he saw on multiple prior occasions. Smith also admitted that he was aware that the heater got hot due to his prior encounters with the heater. As shown above, under the governing legal standards for determining a landowner's duty in a premises liability context, the evidence presented in this case fails to establish that Smith had a duty to provide any additional warnings or safeguards to protect Smith from the hazards presented by the wall heater. Even if Smith improperly installed the heater in a place where it could be touched by customers (contrary to the manual's instructions), the written warning that Pottsie's placed above the heater, which was legible and clear, removed any unreasonable or foreseeable danger that a customer would voluntarily touch the heater. *Ward*, 136 Ill. 2d at 141-42 (ruling that if the landowner chooses to maintain a dangerous condition on his premises, an adequate warning to invitees suffices to render the condition "reasonably safe"). Smith was aware that that the heater got hot, and he has failed to establish that any exception to the "open and obvious" rule applies. Thus, the trial court correctly held that the manual did not create an actionable duty in this case.

¶ 23     Moreover, contrary to Smith's suggestion, the fact that the trial court issued this ruling without explaining its reasoning (*i.e.*, without explicitly applying the relevant legal factors for

11

determining whether a duty exists) is of no consequence. "[T]he trial court is not required to state all findings of fact relevant to its decision." *Kulins v. Malco, a Microdot Co., Inc.*, 121 Ill. App. 3d 520, 530 (1984). In any event, "we review the trial court's judgment, not its rationale, and we may affirm on any basis that the record supports." *Kubicheck v. Traina*, 2013 IL App (3d) 110157, ¶ 28, n.3. For the reasons set forth above, we uphold the trial court's judgment.

¶ 24                                   CONCLUSION

¶ 25          The judgment of the circuit court of Tazewell County is affirmed.

¶ 26          Affirmed.